# Cases

DETERMINED IN THE

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## July, 1890.

---

IN THE MATTER OF THE APPLICATION OF GEORGE V. SIMS FOR A WRIT OF HABEAS CORPUS, ETC.

*Imprisonment for non-payment of alimony awarded by a judgment — contempt.*

Upon the return to a writ of *habeas corpus,* issued to inquire into the cause of detention of one George V. Sims, it appeared that he was held by the sheriff under a warrant of commitment, entitled in an action brought by said George V. Sims against one Ellen T. Sims, which recited that an order had been made therein requiring him to pay alimony to the defendant, Ellen T. Sims, which he had refused and neglected to do; because of which he was, by an order of December 19, 1888, adjudged to be guilty of a contempt of court.

*Held,* that the commitment in this case was valid and that the writ should be dismissed.

That an adjudication that the contempt charged had defeated, impaired, etc., a right of the defendant, was not essential.

That the proceeding was not properly one for a contempt, but was authorized by section 1773 of the Code of Civil Procedure, in case of a failure to pay the alimony awarded. (Per VAN BRUNT, P. J., and BARRETT, J.)

That the non-payment of alimony was a contempt, punishable civilly under the third subdivision of section 14 of the Code of Civil Procedure. (Per BARTLETT, J.)

APPEAL by George V. Sims, the petitioner, from an order of the Supreme Court, made and entered in the office of the clerk of the county of New York on the 19th day of February, 1889, dis-

missing the proceeding upon a writ of *habeas corpus* sued out by him, with notice that the commitment for contempt, and the order directing the issuance of said commitment, would be brought up for review upon such appeal.

*Wales F. Severance*, for the appellant.

*Herbert S. Ogden*, for the respondent.

BARTLETT, J.:

This proceeding was instituted to inquire into the cause of the detention of George V. Sims by the sheriff of the city and county of New York. The sheriff returned, as his justification for the restraint of the relator, a warrant of commitment issued out of the Supreme Court by the direction of Mr. Justice ANDREWS under date of December 27, 1888. This commitment is entitled in an action in which George V. Sims is plaintiff and Ellen T. Sims, sued as Ellen T. Kelly, is defendant, and recites that an order was made therein on February 15, 1888, requiring the plaintiff to pay the defendant temporary alimony at the rate of ten dollars a week; that a certified copy of such order had been served upon the plaintiff and payment of the alimony demanded of him; that he had refused and neglected to pay the same; and that the court, being satisfied that sequestration or a direction to give security would not be effectual, had thereupon, on December 19, 1888, duly made an order " adjudging the said George V. Sims guilty of a contempt of court by reason of the premises aforesaid, and directing that the said George V. Sims, for the contempt aforesaid, of which he is guilty, be imprisoned by the sheriff of the city and county of New York in the jail of said county " until the said alimony, amounting at the date of the commitment to $450, shall be paid, together with twenty-five dollars costs of the proceeding. The commitment, after these recitals, goes on to command the sheriff to arrest the said George V. Sims and imprison him in the said jail until the said sum of money and said costs are paid or until he is discharged according to law.

In addition to this commitment, the papers on appeal contain the order of December 19, 1888, adjudging the relator guilty of contempt. How this order got into the appeal papers does not appear. I find nothing in the record to indicate in what manner it was brought

before the judge who heard the argument upon the writ of *habeus corpus*. The certificate of the clerk, however, asserts that it was one of the papers upon which the court below acted in making the order appealed from, and as the correctness of the certificate is not questioned, I think we are bound to consider not only the commitment, but this order upon which it was based, in passing upon the lawfulness of the relator's imprisonment.

In the *Matter of Swenarton* v. *Shupe* (40 Hun, 41), it was expressly decided that where proceedings to punish a person for misconduct are taken under sections 14, 2266 and 2281 of the Code of Civil Procedure, "it is indispensable for the punishment of the party that it should be made to appear, and be determined by the court, that the misconduct complained of was calculated to, or actually did, defeat, impair, impede or prejudice the rights or remedies of a party to an action or special proceeding brought in court or before a judge or referee."

The misconduct alleged in the case cited was the disobedience of an attorney to an order directing him to deposit certain moneys with the clerk of the court, and the proceeding was instituted under title 3 of chapter 17 of the Code of Civil Procedure, to punish the attorney for a civil contempt. But the suggestion has been made that a proceeding to enforce the payment of alimony, although regulated by that title, is not really a proceeding to punish for contempt at all, and hence that the decision in the *Matter of Swenarton* v. *Shupe* (*supra*) is distinguishable from the present case on that ground. I cannot acquiesce in this view. It seems to me that the non-payment of alimony is a contempt punishable civilly under the third subdivision of section 14 of the Code, which confers upon a court of record the power to punish "a party to the action or special proceeding, an attorney, counselor or other person for the non-payment of a sum of money ordered or adjudged by the court to be paid in a case where by law execution cannot be awarded for the collection of such sum." Other provisions of the Code might be cited to show that such a proceeding as that now before us is in the strictest sense a proceeding to punish for contempt, but it will probably be sufficient to refer to the amendment of section 111, which was made in 1886. (Laws of 1886, chap. 672.) That section, as amended, provides that "no person shall be imprisoned within the

prison walls of any jail for a longer period than three months under an execution or any other mandate against the person to enforce the recovery of a sum of money less than $500 in amount, *or under a commitment upon a fine for contempt of court in the non-payment of alimony or counsel fees* in a divorce case, where the amount so to be paid is less than the sum of $500."

The language which I have emphasized is a recent legislative interpretation of the meaning of the several provisions of the Code relating to proceedings to enforce the payment of alimony (section 1773 and sections 2266 to 2291), and would seem to leave no room for doubt that such proceedings are proceedings to punish the party for contempt of court. And this has apparently been the view of the General Term of this department, which has twice applied the doctrine of the *Matter of Swenarton* v. *Shupe* to proceedings to enforce the payment of alimony. (*Sandford* v. *Sandford*, 40 Hun, 540; *Mendel* v. *Mendel*, 4 N. Y. St. Rep., 556.) In both of these cases it was held to be a fatal defect that the order contained no adjudication that the conduct of the party had been such as to defeat, impair, impede or prejudice a right or remedy of the party affected by it. I should deem these three decisions controlling, and should think that they required the release of the relator on writ of *habeas corpus*, were it not for the case of *Fischer* v. *Langbein* (103 N. Y., 84). The opinion of the Court of Appeals in that case seems to overrule in effect the decision of the General Term in the matter of *Swenarton* v. *Shupe* (*supra*) and in the other cases asserting the jurisdictional necessity of an express adjudication that the contempt charged has defeated, impaired, impeded, or prejudiced a right or remedy of a party litigant. In *Fischer* v. *Langbein* neither the order nor the commitment, as it appears in the appeal papers (Court of Appeals Cases, June, 1886) contains any such adjudication, and yet the court expressly upheld the commitment as containing all that the law required, and the result reached in the opinion upon the consideration of the whole case, necessarily also implied that the order, although erroneous, was not so defective in any matter of substance as to render it void. In that case it was said that the order and commitment " presented all of the facts upon which the judgment of the court in awarding the commitment was based," and the same seems to be equally true in the case at bar.

From this decision of the court of last resort it follows that the defect in the proceedings against the relator is not of such a character as to entitle him to relief by *habeas corpus*, and the order of the court below dismissing the writ should, therefore, be affirmed.

VAN BRUNT, P. J.:

On the 23d day of January, 1889, a writ of *habeas corpus* was issued by one of the justices of this court to the sheriff requiring him to produce the body of the relator, George V. Sims, by him imprisoned, and to certify the time and cause of such imprisonment and detention. Upon the return day of the *habeas corpus* the sheriff returned that the true cause of the detention of the said Sims was a warrant of commitment, a copy of which was thereto annexed, from which it appeared that, on the 15th of February, 1888, an order was made in an action pending in this court, wherein said George V. Sims was plaintiff and Ellen T. Sims, sued as Ellen T. Kelly, was defendant, whereby the plaintiff was required, amongst other things, to pay to the defendant or her attorney, during the pendency and until the final determination of the action, the sum of ten dollars per week for the defendant's alimony; and that the court being satisfied that a copy of said order had been served upon said Sims, and a personal demand for the payment of said alimony made, and that payment thereof had been refused and neglected, and that sequestration or a direction to give security would not be effectual, and that an order was thereupon entered upon the 19th of December, 1888, adjudging the said Sims guilty of a contempt of court by reason of the facts aforesaid, and directing that the said Sims be imprisoned by the sheriff of New York until the said alimony, amounting, at the date of the commitment, to the sum of $450. and the costs of the proceedings to compel such payment, to wit, twenty-five dollars, be paid, or until the said Sims be discharged according to law, and that a warrant issue committing the said Sims accordingly, and whereby the said sheriff was required to arrest the said Sims and imprison him until the said sum of money and the costs and expenses were paid, or until he was discharged according to law. There was also contained in the papers upon this appeal the order referred to in this commitment, but how it forms part of the record upon these proceedings we are unable to comprehend, as it does not

appear upon the return by the sheriff, and forms no part of the commitment to which reference has already been made, and which commitment was the authority for the sheriff to hold his prisoner. The counsel for the petitioner orally demurred to the sheriff's return for its alleged insufficiency to warrant the holding of the prisoner, and, upon a hearing before the court, the motion to discharge the prisoner was denied, and from the order thereupon entered this appeal is taken.

The objection to the right of the sheriff to hold the prisoner, which is made on this appeal, is that there was no adjudication that the prisoner was fined any sum to indemnify the respondent or for any purpose whatever; that there was simply a general adjudication that he was guilty of contempt of court, and it was further ordered that for the contempt he be imprisoned.

Of course, if the order of the court is not to be considered as brought up by these *habeas corpus* proceedings, as it cannot regularly be, then there is no evidence before the court, but that the court below, in its order, has adjudged that the neglect of the petitioner was calculated to or actually did defeat, impair, impede or prejudice the rights or remedies of the defendant in the action above mentioned; and consequently the authorities cited in support of the position taken by the prisoner cannot prevail, because those adjudications proceeded entirely upon the ground that there had been no adjudication of the kind mentioned in the order directing the payment, and we think that upon this account the regularity of the proceeding cannot be reviewed by *habeas corpus*, and the only way in which the invalidity of the order directing the payment can be assailed would be by appeal from such order.

If, however, we consider the order as before the court upon this proceeding, then the case of *Swenarton* v. *Shupe* (40 Hun, 41) would seem to be an authority against the validity of the proceedings because of the want of notice of the adjudication in the order. We think, however, that the learned judge in making this decision has overlooked the fact that this proceeding is not to punish for contempt, and that by the force of section 1773, where a husband makes default in paying alimony, and where such payment cannot be enforced by means of sequestration proceedings or by resorting to security, the court may issue, without any other facts before it, an

order to show cause why the husband should not be punished for his failure to make the payment.

It is a familiar rule, governing the granting of motions, that the facts upon which an order to show cause is granted must make out a *prima facie* case ; and if it was sufficient to authorize the granting of an order to show cause simply that this payment was not made and such payment could not be enforced by sequestration proceedings, or by resorting to security, then clearly it was in the contemplation of the framers of the Code that upon these facts appearing to the satisfaction of the court the final order might issue.

But it is said that, pursuant to section 1773 of the Code, proceedings must be taken to punish as prescribed in title 3, chapter 17 of this act. Title 3 regulates the proceedings to punish contempts of court other than a criminal contempt ; and the first section of that title (section 2266) provides that in any case where it is specially prescribed by law a court has power to punish by fine and imprisonment, or either, or generally as a contempt, a neglect or violation of duty or other misconduct, and that where a right or remedy of a party to a civil action or special proceeding pending in the court or before a judge may be defeated, impaired, impeded, or prejudiced thereby, the offense must be punished as prescribed in this article. Now, section 1773 provides that where the husband fails to make the payment of alimony he is to be punished in the same manner as prescribed by that article. It is clear that this was intended only to regulate the form of procedure, and the form of procedure as regulated by this title is only that which takes place after the issuing of the order to show cause. All the preliminaries prior to that time contained in this title are entirely inapplicable. Section 2283 provides that upon the return of an order to show cause the questions which arise must be determined as upon any other motion, and if the determination is to the effect specified in the last section but one, the order thereupon must be made to the same effect as the final order therein described. The last section but one (section 2281) provides that if it is determined that the accused has committed the offense charged and that it was calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party to an action or special proceeding, the court must make a final order accordingly, and directed that he be punished by fine or imprisonment, or both, as the

nature of the case requires, and that the warrant of commitment must issue accordingly.

It is true that this provision of the Code apparently requires in a proceeding of this description that this adjudication should be had. But as it is entirely inconsistent with the nature of the proceeding, and with what it is necessary to prove in order to give the court authority to initiate the proceedings for the imprisonment of the defaulting party, it would seem to be inconsistent with the previous provisions, and not intended to apply to proceedings of this character. In these proceedings the party proceeded against is not fined. It is not a fine which he is called upon to pay. It is the payment of money required by an order to be paid, for which, because of the peculiar nature of the requirement, this method of collection has always been recognized to exist ever since the adoption of the Revised Statutes and before. If the party is entitled, as she is under section 1773, to proceed to punish the delinquent upon making proof of non-payment of a sum, it seems to be an idle ceremony to say that the court must make any other adjudication than that there has been such failure.

Upon the whole case, therefore, we are of opinion that the commitment was regular and showed jurisdiction in the court to issue the same.

The writ of *habeas corpus* should be dismissed, with ten dollars costs and disbursements, and the prisoner remanded.

BARRETT, J.:

This is not an appeal from an order punishing the relator. It is simply an appeal from the order refusing to discharge him on *habeas corpus*. The only question thus presented is whether the commitment was valid. The return was not traversed nor was a demurrer thereto interposed. We have nothing to do with the papers on the record other than the commitment annexed to the return. Upon the face of the commitment there was jurisdiction. Under section 1773 of the Code, punishment for contempt in the ordinary sense is not contemplated, but simply punishment for the non-payment of the sum required. For that failure the defendant may be committed, under section 2268, until payment is made. The warrant to commit is in the nature of a body execution:

The procedure must, it is true, as provided in section 1773, be under the chapter with regard to contempt of court, but the offense is the non-payment of the alimony and the warrant to commit issues under section 2268. The only difference is that the warrant cannot be issued *ex parte* , but only upon an order to show cause.

The commitment here was valid and the writ was properly dismissed.

I agree, therefore, that the order should be affirmed, with costs.

Writ dismissed, with ten dollars costs and disbursements, and the prisoner remanded.