## CAYETANO COLL Y CUCHI, Complainant,

### v.

## PEDRO ARZUAGA, Deft.

---

San Juan, Equity, No. 973.

RIGHTS OF MINORITY STOCKHOLDER.

Corporation—Stockholder's Suit.

  1. It is a general rule that a stockholder of a corporation cannot take any steps against the corporation until he has applied to the directors or other managing officials and has been refused redress, but this is unnecessary when it is obvious from the facts that the redress would not be granted.

Coll y Cuchi v. Arzuaga.

Bill of Complainant—Allegations—Conclusions.

2. A general allegation of fraud in a bill of complainant, or a general allegation of the belief of the complainant that there has been fraud, is insufficient, as it is necessary in all pleadings, at common law and in equity, to state facts, and not conclusions.

Stockholder's Suit—Corporation—Party.

3. When a stockholder of a corporation seeks to recover money which if recovered would be paid into the treasury of the corporation, the corporation should be made a party defendant.

Stockholder's Suit—Parties—Allegation.

4. If certain persons appear to be proper parties to the action and are not made so, the reason why they are not made parties should appear in the bill.

Stockholder's Suit—Examination of Books.

5. Where a complaining stockholder asks only incidentally to the main object of the bill for an examination of the corporation's books, this remedy is not of the gist of the action and therefore cannot be considered as a remedy at law to which the complainant should be remitted.

Opinion filed November 16, 1916.

Statement of Facts.

The bill in this case, which is under oath, was filed May 16, 1916, and alleges that the complainant is owner of thirty shares of stock of the corporation of La Compañia Azucarera de la Carolina, of which the defendant is president. That the defendant is also the managing partner of the mercantile firm of Sobrinos de Ezquiaga, all of San Juan. That on July 1st a general meeting of shareholders of the company was held, at which there was a perfunctory examination of the operations of the corporation during the preceding year, and a document showing the general balance was duly approved by all share-

holders present except the complainant. That at the meeting were present 3,453 shares of stock, a majority of which were represented by the defendant or employees of his. That at this meeting complainant obtained information from the defendant that the defendant's partnership had cane contracts for almost 50 per cent of the sugar ground by the Central Progresso, which is the property of the Compañia Azucarera aforesaid, and that these contracts are much more favorable than those of colonos furnishing the remaining cane. That defendant thereby obtained excessive and oppressive prices for the benefit of his firm, the defendant acting for both the firm and the compañia. That only semiannual meetings of the board of directors are held, and this board exists only pro forma, and that the defendant is, personally or through employees, president, secretary, and treasurer of the corporation. That stock to a great amount of the corporation had been given to the said directors without compensation, commissions paid them without justification, and the books of the corporation improperly kept. That the officers of the corporation are in the same building with the officers of the said mercantile firm, and that all sugars manufactured by the said compañia are handled by the firm at a great profit to the firm and prejudice to the corporation, all through the management of the defendant, acting in his double capacity. That this illegal and inequitable situation has lasted for a number of years, and thereby the corporation has been defrauded of sums of money, unknown certainly to complainant, but to the best of his information exceeding $400,000, with the result that the shares of stock have depreciated over 60 per cent. Wherefore, complainant prays that a discovery be made of the names of the partners of the firm,

Coll y Cuchi v. Arzuaga.

that an examination be ordered of the contracts, correspondence, and available data between the corporation and the firm for the term of defendant's double capacity, that an accounting be had, and that the defendant and partners make payment of all profits so received by the firm from the defendant, and court costs.

A motion to dismiss was filed by defendant on June 6, 1916, on the ground that the facts do not constitute a valid cause in equity, that there is a nonjoinder of parties defendant, and that there is pending before the Supreme Court of Porto Rico an action of mandamus for the purpose covered by the bill. No evidence is submitted in regard to the proceeding before the Supreme Court, and it was agreed that this suit had been dismissed for other reasons than right of the complainant to examine the books.

*Mr. Cayetano Coll y Cuchi,* solicitor *pro se.*

*Messrs. Eduardo Acuña* and *H. G. Molina* solicitors for defendant.

HAMILTON, Judge, delivered the following opinion:

1. The right of a minority stockholder to protection by a court of equity has long been established. Indeed it is a necessity of the conditions under which corporations are managed. A majority of stockholders elects the directors, and frequently in private corporations constitute the actual board of directors. There is a general rule that a stockholder cannot take any steps against his corporation until he has applied to the directors or

Coll y Cuchi v. Arzuaga.

other managing officials and has been refused redress. It is held, however, that this is not necessary where it is obvious from the facts that the redress would not be granted. Such would appear to be the case at bar upon the allegations of the bill of complaint. The question, therefore, is not as to the form but the nature of the relief sought. The theory of the bill is that the president of the corporation virtually acts for the corporation, and uses his position for his individual advantage. Of course the merits of the contention are not now before the court, but it would seem that the bill presents a cause of action in equity. The directors occupy a position of trust, and this is even more clearly true of the president. A minority stockholder has the right to come into a court of equity to redress or prevent abuse of this trust to his disadvantage. Hawes v. Oakland (Hawes v. Contra Costa Water Co.) 104 U. S. 450, 26 L. ed. 827; 4 Thomp. Corp. 2d ed. §§ 4495, 4496, 4504.

2. Whether the allegations of the bill are full enough is a different question. A general allegation of fraud, or a general allegation of the belief of the complainant that there has been fraud, is not sufficient. Facts must be alleged which, if proved, show fraud. Complainant cannot make a general averment and call upon the court to find out the facts for him. This would be in the nature of a fishing bill. Discovery may be granted in aid of facts which are set out, but cannot be made a substitute for facts. There are certain exceptions in the case of a bill for discovery alone, but this bill is not framed in that aspect.

Of the different defects urged on argument, it may be said that some averments are merely by way of inducement, and are

not to be considered as of the essence of the bill. Thus the fact that the meeting complained of lasted "illegally less than half an hour," that the directors met infrequently, that the corporation office is in the same building with the partnership office, issue of stock without consideration (4 Thomp. Corp. 2d ed. § 4503), are of little value by themselves, but may furnish links in the alleged chain of fraud. 4 Thomp. Corp. 2d ed. § 4512. The essence of the bill seems to be connected with the profit derived by the firm from alleged special favors secured from the corporation ultra vires to the detriment of the corporation and its stock. If proved, this would present a good cause of action. The statement of the illegal advantage obtained by the defendant for his firm is, however, indefinite. There should be a statement of the dates and character of these respective contracts as nearly as the complainant is able to supply them. While it is not proper to insert in the bill facts which are merely evidentiary, it is necessary in all pleading, at common law and in equity, to state facts, and not conclusions of the pleader. Quarles v. Campbell, 72 Ala. 64, 66; Wilkinson v. Searcy, 76 Ala. 180. The motion, therefore, must be granted so as to allow amendment in this particular.

3. Another ground set up is that the bill is defective because both the corporation and the members of the firm should be parties defendant. The test is whether any relief is sought from these parties. The money sought to be recovered would not be paid by the defendant to the complainant, but would be paid into the treasury of the company. Miles v. New York C. & H. R. R. Co. 35 Misc. 69, 71 N. Y. Supp. 271; 4 Thomp. Corp. 2d ed. § 4512. It is difficult to see how the present

### Coll y Cuchi v. Arzuaga.

parties can litigate without the presence also of the corporation itself.

4. In the same way the recovery, if had, would be from the firm of Sobrinos de Ezquiaga, or the individuals making up the partnership. It may well be that the complainant does not know the members of the firm, but if it is a partnership under the Porto Rican law there should be records accessible. If the firm has been illegally constituted, there would be other methods of procedure. It may be that difficulties may arise connected with the jurisdiction of the court over some such defendants. If there are persons unnamed who appear to be proper parties, the bill should state why they are not made such, as that they are not within the jurisdiction or cannot be made parties without ousting the jurisdiction. New Equity Rule No. 25. The equity rules provide for such contingencies if they arise, but the point need not be anticipated at present. New Equity Rules 38 and 39.

5. The point as to examination of books, being a legal remedy, is not well taken. The bill in this case does not seem to be for that purpose, and that remedy is sought only incidentally to the main result aimed at. 4 Thomp. Corp. 2d ed. § 4538. This right is, in the United States, regarded as a common-law right (4 Thomp. Corp. 2d ed. §§ 4515, 4516), although sometimes further defined by statute. Whether it is allowed at civil law has not been argued and need not be decided. It is not of the gist of the bill, and therefore cannot be considered as a remedy at law to which the complainant should be remitted.

The motion to dismiss will be granted unless the complainant amends to conform to the preceding opinion within ten days.

It is so ordered.