THOMAS O'GARA, Respondent, v. JOHN KEARNEY, as Administrator, etc., Appellant.

A direction for the restitution of moneys paid upon a judgment, which has been set aside upon motion or reversed upon appeal, as authorized by the Code of Civil Procedure (Code, §§ 1292, 1323), is in effect a judgment "for a sum of money" (§ 1240); and is enforceable by execution.

Accordingly *held*, that an order punishing a party, as for a contempt in not complying with such a direction, was unauthorized.

(Argued May 20, 1879; decided May 27, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, adjudging the defendant in contempt for failure to comply with an order requiring him to make restitution, etc.

The facts appear sufficiently in the opinion.

*James M. Liddy*, for appellant. The court has no power to punish for a contempt for disobedience of its directions, except when an execution cannot issue. (Code Civil Proc., § 14, sub. 3; 4 Wait's Pr., 558–560; *McCullogh* v. *Hoffman*, Supreme Court, Special Term, BARRETT, J.)

*Thomas Nolan*, for respondent.

DANFORTH, J. The plaintiff commenced an action in the Supreme Court against the defendant as administrator, and upon trial, after issue joined, the jury rendered a verdict in favor of the defendant. Upon this verdict, judgment was entered, dismissing the complaint, and for $125 costs. The costs were voluntarily paid to the defendant's attorney. The judgment was afterwards on motion set aside on the ground that improper evidence was admitted at the trial. On the 24th of August, 1877, the plaintiff upon notice to defendant obtained an order at Special Term directing the defendant to pay to the clerk of the court within a time specified, the money so paid to the defendant's attorney, the same to remain with him until the further order of the court. On application of the defendant's attorney, the time to comply with this order was extended, and before compliance the case was again tried, and the plaintiff recovered a verdict of seventy-two dollars against the defendant. His costs have been taxed, but it does not appear that judgment has been entered. After the second trial the plaintiff upon affidavits served on the defendant and his attorney, gave notice of a motion to be made at Special Term, that the defendant be punished as for a contempt in not complying with the order of August twenty-fourth. This was opposed by the defendant, but on the 9th of February, 1878, the court made an order directing: 1st. That the defendant pay the plaintiff "one hundred and twenty-five dollars, with interest from August, 1877, the amount directed to be paid by the order of that date within ninety days after entry and service of the order, on the defendant or his counsel." also 2d. In case he neglected to do so "then the said John Kearney be adjudged guilty of contempt of court, and that he be committed to the jail of the county of New York until he complies with the terms of the order." From the whole of this order the defendant appealed to the Supreme Court at General Term, where it was affirmed.

The learned counsel for the respondent relies upon section 330 of the former Code, and section 1323 of the present

Code, to uphold the order. The section first cited need not be considered, for it does not go quite so far as the other, and the latter only was in force when the order appealed from was made.

By section 1005, it is provided as follows:

Where a new trial is granted, the court may direct and enforce restitution, as where a judgment is rendered upon appeal.

By section 1292, where a judgment is set aside for any cause upon motion, the court may direct and enforce restitution in like manner, with like effect, and subject to the same conditions as where a judgment is reversed upon appeal; and that case is provided for by section 1323, in these words:

"Where a final judgment or order is reversed upon appeal, the appellate court, or the General Term of the same court as the case may be, may make or compel restitution of property, or of a right lost by means of the erroneous judgment or order."

If made at that time, and the amount collected or paid was then known, the direction would be that that amount be paid to the successful party, or if not known, then generally that what he had paid by reason of the judgment, be returned to him, and a reference ordered, to ascertain the amount. (Section 1015, *Sheridan* v. *Mann*, 5 How., 201.) This course would accord in substance with the practice before the Code. (*Safford* v. *Stevens*, 2 Wend., 164, 165.) And we should then have a final judgment or direction for the payment of money. The only question therefore is, whether such a judgment or direction to pay could be enforced by execution against the person, or by punishment for contempt. As to that the provisions of the Code furnish a ready answer.

By section 1240, a judgment may be enforced by execution: (1.) "Where it is for a sum of money in favor of either party; or directs the payment of a sum of money," and section 1241 indicates certain cases where a judgment

not obeyed by the party, may be enforced by punishing him for contempt, viz : (1.) When it is final, and cannot be enforced by execution as prescribed in section 1240. (4.) When the judgment requires the payment of money into court or to an officer of the court. It is obvious that the case before us would come under section 1240, and not under section 1241, for the judgment would direct, as the order appealed from does, the payment of money to the party, and not to the court or an officer of the court.

These considerations seem to me sufficient to require a reversal of the order. The decision in *Randall* v. *Dusenbury* (41 Sup. Ct. [9 J. & S.], 456), was to the same effect.

The learned counsel for the respondent contended however, that the order could be upheld under section 14, sub. 3. These provisions empower the court to punish by fine and imprisonment " a party to the action for the non-payment of a sum of money ordered or adjudged by the court to be paid in a case where by law, execution cannot be awarded for the collection of such sum." If the views above presented are correct, they show, 1st. That the authority to require restitution by judgment or order in the action is conferred by statute; that the mode of enforcing it is by execution, and it follows of course that the section and subdivision cited, can have no application.

The view which I have above taken conforms the practice in such cases to other provisions of the Code relating to the same subject-matter. By section three hundred and sixty-nine, of the former Code, relating to appeals to the common pleas, or to a county court from an inferior court, it is provided that if the judgment below or any part thereof be paid or collected, and the judgment be afterwards reversed, the appellate court shall order the amount paid or collected to be restored with interest, and declares that the order may be obtained on proof of the facts made at or after the hearing upon a previous notice of six days, and if the order is made before the judgment is entered, the amount may be included in the judgment, and under this section it has been held that

the amount ordered to be paid, becomes a part of the judgment, and can be collected by execution, with the costs. (*Kennedy* v. *O'Brien*, 2 E. D. Smith, 41; *Hunt* v. *Westervelt*, 4 id., 225.)

There is no authority for the practice adopted in this case, and therefore the order of the General Term and Special Term should be reversed, with costs.

All concur.

Judgment reversed.