DETERMINED IN THE

# FOURTH DEPARTMENT

AT

# GENERAL TERM,

## January, 1881.

---

CHARLES N. BAKER, AS EXECUTOR, ETC., OF EMILY ALLEN, DECEASED, APPELLANT, v. MARY E. BAKER, RESPONDENT, IMPLEADED WITH OTHERS.

*Contempt — a party cannot be arrested as for a contempt, when performance of the judgment can be enforced by execution.*

By the judgment entered in this action, brought to obtain a construction of the will of one Emily Allen, the plaintiff, as her executor, was directed to pay to the defendant, her residuary legatee, the sum of $8,051.59, the residue of the personal estate in his hands, and to deliver to her a certain mortgage for $1,500, with the bond accompanying the same, if there were any such bond. Upon an affidavit showing a refusal of the plaintiff to comply with the provisions of the said judgment, after due demand made, an order was granted adjudging him to be guilty of a contempt and ordering a precept to issue to the sheriff to take the plaintiff and actually confine and detain him in the jail until he should be discharged by due course of law.

*Held*, that, in so far as the order adjudged the plaintiff to be guilty of contempt in refusing to deliver the mortgage to the defendant, it was proper and should be affirmed, but that as to the residue it should be reversed.

A party cannot be adjudged guilty of a contempt, and confined to a jail as a punishment therefor, for any disobedience of a judgment or order, where by law an execution can be issued for the purpose of enforcing the judgment or order which has been disobeyed.

APPEAL from an order made at Special Term adjudging the plaintiff guilty of contempt.

*Wm. Tiffany*, for the appellant. The judgment is for the payment of money, and the recovery of a chattel. An execution can be issued to enforce it, and a proceeding for contempt cannot be sustained. (Code of Civil Procedure, §§ 1240, 1241; old Code, § 285; *Hosack* v. *Rogers*, 11 Paige, 603; *Lansing* v. *Lansing*, 4 Lans., 377; *Gray* v. *Cook*, 24 How., 432; *Randall* v. *Dusenbury*, 41 N. Y. Supr. Ct., 456; *Matter of Abram E. Watson*, 5 Lans., 466; *Seamen* v. *Whitehead*, 18 Hun, 64; *Watson* v. *Nelson*, 69 N. Y., 536; *Fassett* v. *Tallmadge*, 14 Abb. Pr., 188; *Clark* v. *Bininger*, 75 N. Y., 550; *The People ex rel. Pease* v. *King*, 9 How., 97, 99.)

*Cyrus Whitney*, for the respondent.

TALCOTT, P. J.:

This is an appeal from an order made at the Special Term of Jefferson county, held September 16, 1879. The order adjudged the plaintiff in contempt for refusing to deliver to Mary E. Baker the sum of $8,051.59, found due from the plaintiff as executor of the will of Emily Allen, deceased, and also to deliver to her a certain mortgage for $1,500, with the bond, if any, accompanying the same. This amount had been found due to the said Mary E. Baker, and it was held that she was entitled to the mortgage, in a certain action, which we infer was originally commenced by the plaintiff as executor as aforesaid, to obtain a construction of the will of Emily Allen, and more particularly to ascertain and have it judicially decided whether the said Mary E. Baker was the person intended by the testator, under the description and name of "my beloved niece, May E. Allen."

After the principal question was decided in favor of Miss Baker, and the plaintiff, as executor of the will, was ordered to account to and pay over to the said legatee the legacy mentioned in the will, and also that the said executor account, after the entry of the judgment, before the surrogate of the county of Oswego, or before a referee appointed for that purpose, as the court should determine. The Hon. Leroy Morgan was, upon the stipulation of the parties, appointed such referee to take such accounting, pursuant to the said judgment.

The parties appeared before the said referee and an accounting

was had, and the referee reported the results thereof to the court.

By the order of reference it was provided that on filing the report of the referee a judgment might be entered thereon, as in cases where the whole issue is referred without any application to the court, and it was further ordered "that the judgment so entered may be enforced in the same manner as judgment in the Supreme Court; and the payment of any amount found due Mary Baker, defendant and legatee, may be enforced as fully and amply as the said Supreme Court can empower and authorize the same." These provisions, it is presumed, were contained in the stipulation under which the matter was referred, which is not contained in the printed case submitted to us on the appeal, but was referred to on the motion.

The said referee reported a balance in the hands of the executor belonging to Miss Mary E. Baker of $9,551.59, consisting in part of a bond and mortgage described, and the residue, " or most of it," on deposit in the executor's name in some of the banks of the city of Oswego, and that " the said Mary E. Baker, residuary legatee under the provisions of the will of the testatrix, is entitled to a judgment directing that the balance should be paid over to her, * * * and requiring and adjudging that the executor, Charles N. Baker, deliver over to the said legatee the said mortgage and the accompanying bond, if there is one, mentioned in the inventory of the estate, * * * and that said executor pay over to the said legatee Mary E. Baker, the sum of $8,051.59, balance of the legacy found due on this accounting to the said legatee Mary E. Baker, and such further sums as he may have received, or shall hereafter receive, for interest on two government bonds of $500 each, after deducting therefrom one per cent commissions, and adjudging that all moneys received from collections of securities belonging to the estate, which have come into the hands of the said executor and which remain subject to his order or control, be deemed and declared to be held by him in trust for the said residuary legatee Mary E. Baker, until the full amount found due her upon this accounting be fully paid and satisfied."

Thereupon, on the 28th of July, 1879, a judgment was entered in the Supreme Court, in the office of the clerk of Oswego county,

by which, after various recitals of the proceedings, it was adjudged and decreed "that the said executor, Charles N. Baker, deliver to the said legatee, Mary E. Baker, the said mortgage of $1,500 above mentioned, with the bond accompanying the same, if there is any such bond, and that he pay to her the sum of $8,051.59, the residue of the personal estate as above found to be due to said legatee, and in addition thereto the amount of accrued interest on said two United States government bonds, less one per cent, his commission on the same."

Afterwards at a Special Term, on affidavit tending to show a demand on Baker of the payment of the $8,051.59 in cash and of the said bond and mortgage for $1,500, and his refusal to comply with the said judgment, it was ordered and adjudged "that the said Charles N. Baker, as executor of the last will and testament of Emily Allen, deceased, be 'and he was thereby judged in contempt' for refusing to pay to the defendant, Mary Baker, the sum of $8,051.59 trust funds in his hands, and for refusing to deliver to the said Mary Baker the mortgage;" and it was further ordered "that a precept be issued out of and under the seal of this court, directed to the sheriff of Oswego county, commanding him to take the body of the said Charles N. Baker, executor of the last will and testament of Emily Allen, deceased, if he shall be found in your county of Oswego, and commit him to the common jail of the said county of Oswego, and to keep and detain him therein, under his custody, until he shall pay the sum of $8,051.59, as required by said judgment of July 28th, 1879, entered and docketed in the Oswego county clerk's office as aforesaid, and until he, said Charles N. Baker, such executor, shall also deliver to Mary Baker, defendant and legatee, the said mortgage * * * * and bond, if any accompanying the same, as required by the said judgment of July 28, 1879, etc., with ten dollars costs of this motion, together with the sheriff's fees on such precept."

From the last mentioned order and the whole thereof, this appeal is taken. It is conceded on both sides that the "precept" authorized by the order is one which will require the prisoner to be actually confined and detained *within the jail* until he is discharged by due course of law, under section 157 of the Code of Civil Procedure; and the question arises, whether a process having this

consequence, and not permitting the prisoner to enjoy the jail limits, upon giving security to the sheriff, as provided by law, can be issued by the Supreme Court, upon the ground that a refusal to comply with a judgment which directs the payment of a sum of money, or awards a chattel to either party, is a species of a contempt of the court of which the party guilty of such refusal may be convicted; and, thereupon, a process may issue to the sheriff of the proper county to detain him within *the jail*.

There is certainly some confusion upon this subject, created by the apparently conflicting decisions of the courts. But, as we understand the effect of the holding in the matter of *Watson* v. *Nelson* (69 N. Y., 536), considered in connection with the case of *The People* v. *Cowles* (3 Abb. Ct. of App. Dec., 507) and *Park* v. *Park* (9 Weekly Dig., 391), and *O'Gara* v. *Kearney* (77 N. Y., 423), we think the law on the subject, as finally settled, is to the effect that the party proceeded against is not liable to such a precept, as it is considered the order in this case authorized, for any disobedience where by law an execution can be issued for the purpose of enforcing the judgment or order which has been disobeyed.

*In the Matter of Watson* (*supra*), RAPALLO, J., says, alluding to subdivision 3 of section 1 of 2 Revised Statutes, 534, " Proceedings as for Contempts to Enforce Civil Remedies :" " This is a plain declaration that punishment as for a contempt cannot be inflicted in cases where execution can issue, viz., on a final decree for a sum of money." And see *O'Gara* v. *Kearney* (77 N. Y., 423).

In the case of *Park* v. *Park* (9 Weekly Dig., 391) the contempt for which the defendant was proceeded against was the disobedience of an order requiring the defendant to give security for the support and maintenance of the plaintiff, as directed by a *decree of divorce*, for which execution could not be awarded. (See *Strobridge* v. *Strobridge*, 21 Hun, 288.)

As we understand this case, the finding is of a balance due from the plaintiff, as executor, to Mary E. Baker, which includes the sum of $1,500, the amount of the bond and mortgage, which he is required specifically to deliver. The judgment is therefore one, " a part of which cannot be enforced by execution," as prescribed in section 1240 of the Code of Civil Procedure, because, although it directs

the delivery of a specific chattel, the action in which the judgment was rendered was not " an action to recover a chattel " under subdivision 3 of section 1240. This circumstance, therefore, leads to the affirmance of that part of the order appealed from declaring the plaintiff in contempt for refusing to deliver to the said Mary E. Baker the mortgage, with the bond, if any, accompanying the same, and that a precept be issued, as provided in the order appealed from, until the said Charles N. Baker shall deliver to the said Mary E. Baker the said mortgage and bond, if any, accompanying the same, and the payment of the sheriff's fees, etc.

The order appealed from is therefore modified by affirming it so far as relates to the delivery of the bond and mortgage, and reversed as to the residue, without costs of appeal to either party.

SMITH and HARDIN, JJ., concurred.

Ordered accordingly.