### TABER *v.* JACK *et al.*

(*Supreme Court, General Term, Fifth Department.* January 23, 1891.)

CONTEMPT—WHAT CONSTITUTES—FAILURE TO SATISFY JUDGMENT.

> A judgment directing defendant to pay plaintiff certain money received by defendant for property sold in violation of an injunction cannot be enforced by contempt proceedings under Code Civil Proc. § 1241, subd. 4, providing that, where the judgment requires the payment of money into court, or to an officer of the court, except where it is due on a contract, or as damages for breach of a contract, any party willfully neglecting to pay it may be punished for contempt, such judgment being enforceable by execution under section 1240, which provides that a final judgment directing payment of money may be enforced by execution.

Appeal from special term, Erie county.

Motion by S. Hartman, receiver of the property of Samuel Jack, to punish the defendant Jack for non-compliance with a judgment requiring him to pay over to the plaintiff the sum of $106.33. Motion denied, and plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*H. B. Cone,* for appellant. *F. C. Peck,* for respondent.

MACOMBER, J. The application made to the special term was for an order requiring the defendant Jack to pay the plaintiff the sum of $106.33, or, in default of such payment, punishing him for contempt in the manner provided by law. This motion was denied by the court, and from the order entered upon such decision an appeal has been taken to this court. Upon the papers before the special term the decision of the court could not well have been in favor of the application. The special term and ourselves have been obliged to resort to conjecture for many of the proceedings in court, antecedent to the motion, and upon which alone the motion could be based. The plaintiff is described as receiver of the property of Samuel Jack in the title of the case; but in what judicial proceeding, if any, he was appointed, and at whose instance, is not disclosed. A copy of the judgment, as contained in the appeal papers, adjudicates that a transfer of the personal property mentioned in the complaint was fraudulent and void as against the plaintiff and the judgment creditor George C. Gould, and that such transfer be canceled and set aside. Upon what facts the judgment proceeded we are not advised. The judgment further provides that title to the property mentioned in the complaint vested in the plaintiff by virtue of his appointment upon the 6th day of May, 1889; and that the sale of 28 sheep by Samuel Jack was in violation of the injunction order dated that day, appointing the plaintiff said receiver, though what the injunction order was in fact, and under what circumstances the defendant sold the sheep, we are not advised. The following is the material part of the judgment: "It is further ordered and adjudged that the defendant, Samuel Jack, account and pay to the plaintiff, on demand, the avails of said wool and sheep, viz., the sum of $106.33." Treating the case as containing all the facts necessary to support the judgment as it is set forth, it is clear that the plaintiff has mistaken his remedy in endeavoring to enforce the judgment by proceedings to punish the defendant for contempt. The plaintiff relies upon subdivision 4 of section 1241 of the Code of Civil Procedure as warrant of authority for this proceeding. It is provided by this section, among other things, that "where the judgment requires the payment of money into court, or to an officer of the court, except where the money is due upon a contract, express or implied, or as damages for a non-performance of a contract, a party willfully neglecting to pay the judgment may be punished for contempt of the court." But this section will not support the contention of the appellant; for if the judgment be final, as this clearly is, and can be enforced by execution, then resort to contempt proceedings cannot be had by the very terms of the statute. By section 1240 a final judgment may be enforced by execution "where it is for a sum of money, in favor of either party, or directs the payment of a sum of money." This judgment directs the payment by the defendant to the plaintiff of a sum of money, being the value of property supposed to have been sold by the defendant Jack, in violation of the injunction order. In *Re Hess,* 1 N. Y. Supp. 811, it was held that an assignee could not be required by the proceedings for contempt to pay over a sum of money found to be due him from the receiver appointed in an action brought to vacate the assignment, for the reason that the order in the case was capable of being enforced by execution in pursuance of the statute above quoted. In the case of *People* v. *Grant,* 41 Hun, 351, it was held that a failure to pay money pursuant to a judgment cannot be treated as contempt for the reason

above stated. Such likewise was the case of *People* v. *Riley,* 25 Hun, 587. In *O'Gara* v. *Kearney,* 77 N. Y. 423, it was decided that a direction for the restitution of moneys paid upon a judgment which had been set aside upon a motion or reversed upon appeal was, in effect, a judgment for a sum of money under section 1240 of the Code, and enforceable by execution; and that, accordingly, an order punishing a party for contempt in not complying with such a direction was unauthorized. The order appealed from should be affirmed, with $10 costs and disbursements.

DWIGHT, P. J., and CORLETT, J., concur.