(74 App. Div. 278.)

## NEWELL v. HALL.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. CONTEMPT—ORDER TO RESTORE MONEY—REFUSAL TO OBEY—POWER OF COURT.

A receiver was appointed in an action, who collected and paid over certain money to the plaintiff. Subsequently the order appointing the receiver was set aside, and plaintiff ordered to return the money to defendant, which he refused to do. Code Civ. Proc. § 14, subd. 3, provides that a court has power to punish by fine or imprisonment, or both, a party to the action, for the nonpayment of a sum of money ordered by the court to be paid, in a case where by law execution cannot be awarded for the collection of such sum; and subdivision 8 provides that such punishment may be imposed in any other case where an attachment or any other proceeding to punish for a contempt has usually been adopted to enforce a remedy or protect the right of a party. Section 779 provides that, when a sum of money ordered to be paid is not paid within the time fixed therefor, an execution against the personal property of the party required to pay may be issued, but that nothing therein contained shall be construed to relieve a party

from punishment as for contempt for disobedience of an order in any case where the remedy of enforcement by such proceedings now exists. Section 2268 provides that, where the offense consists of a refusal to obey an order requiring the payment of a special sum of money, the court may issue, without notice, a warrant to commit the offender to prison until the sum of money and costs are paid, or until he is discharged according to law. *Held,* that the court had power to punish plaintiff for contempt in refusing to comply with such order.

Appeal from special term, New York county.

Action by Edward J. Newell against Oliver W. Hall. From an order adjudging plaintiff guilty of contempt, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

L. M. Waldo, for appellant.

J. L. Zoetzl, for respondent.

INGRAHAM, J. On the 28th day of February, 1900, an order was entered in this proceeding which recited the entry of an order appointing a receiver of the property of Oliver W. Hall, a judgment debtor; that an order had been granted on the 10th day of February, 1899, directing the said receiver to pay over to the plaintiff, the judgment creditor, the sum of $447.95; that these orders have been vacated and set aside by an order entered on the 15th day of September, 1899; that the defendant had moved for an order awarding him restitution of the sum of $510.50, being the difference between the sum of $600 theretofore taken by the receiver in said proceedings and the sum of $89.50 repaid by the receiver to the said Hall, and directing the said Edward J. Newell to pay over to the said Hall, or his attorney, the sum of $510.50, and that after hearing counsel in support of the motion, and Edward J. Newell, the plaintiff, in opposition thereto, it was ordered that the said Hall have restitution from the said Newell of the sum of $510.50, with $31.67 interest thereon, amounting in all to the sum of $542.17, with $10 costs of the motion, and it was further ordered that the said Newell pay to the said Hall or his attorney the said sum of $542.17, with $10 costs, within five days after the service upon him of a copy of the order and notice of entry thereof; that the said order was personally served upon the said Newell and service admitted by him on the 2d day of March, 1900, and that on April 3, 1900, a written demand, the service of which was admitted, was made upon the said Newell for the repayment of the sum directed to be paid by the said order, which demand was refused. This order not having been complied with, and the appellant having refused to pay the money directed to be paid, a motion was made, entitled in the proceeding in which the order of restitution was granted, to punish the defendant for contempt in failing to comply with the order. This application was made upon the order directing the payment of that money, and proof of service thereof on Newell, proof of the demand for the payment as required by the order, and his refusal to comply with it. There is no evidence of the circumstances under which the money required to be repaid by Newell

to Hall was obtained by Newell, except the recitals in the order requiring restitution. The motion was granted, and the appellant was fined the amount that he had been directed to restore to the respondent.

The appellant asserts that under section 14 of the Code of Civil Procedure, authorizing the punishment of what are called "civil contempts," this order could not be enforced by attachment. By subdivision 3 of that section it is provided that a court of record has power to punish by fine and imprisonment, or either, "a party to the action or special proceeding, an attorney, counsellor, or other person, for the non-payment of a sum of money, ordered or adjudged by the court to be paid, in a case where by law execution cannot be awarded for the collection of such sum; or for any other disobedience to the lawful mandate of the court"; and by subdivision 8 that "in any other case where an attachment or any other proceeding to punish for a contempt has been usually adopted and practiced in a court of record to enforce a civil remedy of a party to an action or special proceeding in that court or to protect the right of a party." It was held by the court of appeals in Harris v. Elliott, 163 N. Y. 271, 57 N. E. 406, that, where a final judgment simply directs the payment by one party to another of a sum of money, such final judgment is exclusively enforceable by execution, and cannot be enforced by a proceeding under section 14 of the Code. In this case, however, there is no judgment of any kind; nor is the order directing the restitution a final order in the proceeding. It directs the restitution of a sum of money which had been paid by a receiver appointed by the court to the plaintiff under an order, which order had been vacated. There is no dismissal of the proceeding, or final determination of any question therein involved. The order is clearly interlocutory. It is claimed, however, that, under section 779 of the Code of Civil Procedure, such an order could be enforced by execution. This section provides that:

"Where costs of a motion, or any other sum of money, directed by an order to be paid, are not paid within the time fixed for that purpose by the order * * * an execution against the personal property only of the party required to pay the same, may be issued by any party or person to whom the said costs or sum of money is made payable by said order."

This section, however, contains the following provision:

"But nothing herein contained shall be so construed as to relieve a party or person from punishment as for contempt of court for disobedience to an order in any case where the remedy of enforcement by such proceedings now exist."

The provision of this section must be read in connection with the provision of the Code regulating the proceeding to punish for a civil contempt. Section 2266 of the Code provides that the title applies to a case specified in section 14 of the Code, and section 2268 provides that:

"Where the offence consists of a neglect or refusal to obey an order of the court, requiring the payment of costs, or of a special sum of money. and the court is satisfied, by proof, by affidavit, that a personal demand

thereof has been made, and that payment thereof has been refused or neglected; it may issue without notice, a warrant to commit the offender to prison, until the costs or other sum of money, and the costs and expenses of the proceeding are paid, or until he is discharged according to law."

And the subsequent sections provide that a proceeding to punish for contempt may be instituted by an order to show cause. These sections, taken together, we think, authorize the court to enforce an order requiring a party to an action or special proceeding to make restitution of a specified sum of money which has been obtained under an order or judgment vacated or reversed, by proceeding to punish for a contempt. Subdivision 8 of section 14 of the Code directly authorizes such a proceeding, and the section under which an execution could be issued expressly provides that it should not be construed to relieve a party from punishment as for a contempt of court for disobedience of an order in any case where the remedy of enforcement by such proceeding existed. As was said by the court of appeals in Forstman v. Schulting, 108 N. Y. 112, 15 N. E. 366:

"It has been the uniform practice of the courts to exercise summary jurisdiction over the conduct of parties and attorneys in actions pending in court, and enforce obedience to orders and directions made by it, in the interest of fair dealing and honesty, to protect all parties or persons whose rights have been affected by the litigation. Both parties and attorneys who, through the aid of the court, have come into possession of property or money during a litigation, which subsequent proceedings in the action show was either wrongfully acquired or unjustly retained, may be compelled to restore it to the rightful owner by order and attachment to enforce such restoration."

An order of restitution relates to a specified sum of money in the hands of a party to an action or proceeding, to which he is not entitled. There is a clear distinction between such a case and a case where the order or judgment to be enforced relates to the right of a party to recover from his opponent a sum of money, for the enforcement of which by execution ample provision is provided. The order in one instance relates to a specific sum unjustly or improperly obtained by a party to the action or special proceeding,—in the other, to a general right of one party to recover from the other the sum of money specified; and where the order thus relates to a specific sum, unjustly or wrongfully obtained, it is evident that the enforcement of the order for the repayment of this specific sum comes directly within subdivision 8 of section 14 of the Code, and is not affected by section 779 of the Code.

We think that the court below correctly entertained this proceeding,—had power to punish the appellant for his contempt in refusing to comply with its order,—and that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.