*Practice — Trial Term rules of the first district — engagement of attorney in other court — passing of cause for the day.*

Appeal by defendant from an order, entered on the 26th day of January, 1909, denying her motion to vacate an inquest.

LAUGHLIN, J.: The inquest was taken in violation of rule VII of the Trial Term rules of the first district, an affidavit having been presented to the court and filed, showing that the counsel who was to conduct the defense was obliged to go to Albany to argue a cause on the day calendar of the Court of Appeals on that day. Litigants and their attorneys have a right to rely upon the observance of a rule prescribing that certain other court engagements of the counsel who is to try a cause shall entitle his client to have the cause passed for the day. The violation of the rule would in any case entitle the party prejudiced thereby to an order vacating the inquest, but especially in an action for a divorce, in which issues have been settled for trial by a jury, and on which a verdict has been rendered against the defendant by default, for in this class of cases the public are interested on account of the possible effect upon society, and the court should be most liberal in affording an opportunity to have the adjudication upon the merits and according to the facts. There had been repeated applications for postponement and delay, which doubtless tried the patience of the trial court; but, regardless of the merits of the other applications and of the indulgence theretofore shown, the defendant had a strict legal right to have the cause passed for the day on which the inquest was taken, on account of the engagement of her counsel before the Court of Appeals. It follows, therefore, that the order should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Ingraham, Clarke, Houghton and Scott, JJ., concurred. Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

THE TYPOTHETÆ OF THE CITY OF NEW YORK *v.* TYPOGRAPHICAL UNION No. 6 and Others.

In the Matter of the Punishment of PATRICK H. McCORMICK, Individually and as President of Typographical Union No. 6, and Others, Appellants, for Criminal Contempt, and Typographical Union No. 6 and Others.

Appeal from an order, entered on the 3d day of March, 1908, confirming the report of a referee.

Order affirmed. Settle order on notice.

Present — Patterson, P. J., McLaughlin, Laughlin, Houghton and Scott, JJ.

All concurred as to appellants Anderson and Bennett, and all concurred as to the other appellants, excepting Laughlin, J., who dissented, he being of opinion

that the adjudication is based solely upon the failure of the appellants, who were officers of Typographical Union No. 6, to inform the individual members of the union who are adjudged to have done acts forbidden by the injunction order of the fact that the injunction order had been issued, and that in the circumstances, the court not having expressly required them to notify the members of the union of the issuance of the injunction order, such failure is insufficient to sustain a conviction for a willful violation of the mandate of the court which is essential to sustain an adjudication for criminal contempt. Should any appellant desire to have the order reviewed by the Court of Appeals a stay of proceedings will be granted pending such review.