MAX JAFFE and Others, Respondents, *v.* STEPHEN M. WELD, J. A. E. PYLE, as Trustee in Bankruptcy of STEELE, MILLER & COMPANY, and Others, Appellants.

First Department, December 21, 1917.

Discovery — books and papers in foreign State in custody of trustee in bankruptcy — when production of papers in this State should not be required — practice — open commission.

Where the books and papers of a bankrupt defendant are in the possession of the trustee in bankruptcy appointed by the Federal court in another State, the courts of this State should not order the trustee to bring the books and papers into this State and deposit them with the county clerk to be inspected by the plaintiff, irrespective of any jurisdiction of the court to make such order.

The proper remedy of the plaintiff is an open commission to examine the trustee in the foreign State and have the books and papers produced and proved, and in case there should be an objection to the originals being returned here with the commission, to have copies annexed as provided by subdivision 3 of section 901 of the Code of Civil Procedure.

SEPARATE APPEALS by the defendants, Stephen M. Weld and others, and by the defendant J. A. E. Pyle, as trustee in bankruptcy, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of November, 1917, granting an inspection and discovery of books and papers belonging to the defendant trustee and to the bankrupt estate.

*George S. Mittendorf* of counsel [*Geller, Rolston & Horan,* attorneys], for the appellants Stephen M. Weld and others.

*R. L. von Bernuth* of counsel [*Edward R. Greene* and *Coulter D. Young* with him on the brief], *Stetson, Jennings & Russell,* attorneys, for the appellant, J. A. E. Pyle, as trustee, etc.

*George T. Hogg* of counsel [*Davies, Auerbach & Cornell,* attorneys], for the respondents.

LAUGHLIN, J.:

The complaint in this action has been before this court four times on demurrer thereto (*Jaffe* v. *Weld,* 149 App. Div. 942; 155 id. 110; 169 id. 924; 175 id. 970); and has finally been sustained by the Court of Appeals as stating a good cause of action (*Jaffe* v. *Weld,* 220 N. Y. 443). Issue has now been joined on substantially all of the material allegations of the complaint by the service of separate answers by the appellants. In view of the opinions on former appeals, to which reference has been made, it is unnecessary to state the facts.

The action is brought to trace and follow into the hands of the trustee in bankruptcy and into the hands of Stephen M. Weld & Co. and the firm of Weld & Neville money alleged to have been fraudulently obtained from the plaintiffs by the bankrupt firm of Steele, Miller & Co., and for an accounting with respect thereto by the trustee in bankruptcy and by said other firms, and to impress a trust in favor of the plaintiffs on certain cotton and the proceeds thereof.

The order for the inspection and discovery is with respect to books and papers in the custody or under the control of the trustee in bankruptcy who was duly elected, qualified and entered upon the discharge of his duties as such trustee on the 11th day of July, 1910, in the bankruptcy proceeding then pending in the United States District Court for the Northern District of Mississippi, Eastern Division, and all of said books and papers are in the State of Mississippi. It is evident that the inspection and discovery embrace records and entries with respect to substantially all of the essential facts upon which the right of the plaintiffs to recover depends. The trustee in bankruptcy is a non-resident and with respect to these books and papers is subject to the orders of the Federal court. He is required by the order to bring from the State of Mississippi and deposit with the county clerk here the books and papers in question upon payment by the plaintiffs of the actual expense of transportation.

Without passing upon the jurisdiction of the court to make the order we are of opinion that the proper remedy of the plaintiffs is a commission, and probably an open commission, to examine the trustee in Mississippi and have the books and papers produced and proved, and then if there be objection to the originals being returned here with the commission to have copies annexed as provided by subdivision 3 of section 901 of the Code of Civil Procedure. The court should be reluctant to make orders, compliance with which it is without power to enforce. Those interested in the bankrupt estate are doubtless interested in the preservation of these books and papers and it may well be that the Federal court would not permit the trustee to remove them from that jurisdiction. If so that would be an answer to any proceeding to punish him for contempt for not complying with the order. It is evident that there may be risks attending the removal of the books to which they should not be exposed.

The order should, therefore, be reversed, but without costs, and motion denied, without costs.

CLARKE, P. J., SCOTT, DOWLING and SHEARN, JJ., concurred.

Order reversed, without costs, and motion denied, without costs.