Harry LeGros, Respondent, v. Chain Shirt Shops, Inc., Appellant.

First Department, April 17, 1919.

**Contempt — enforcement of order for restitution of moneys paid upon judgment subsequently reversed.**

A party who fails to comply with an order for the restitution of moneys paid upon a judgment which has been reversed upon appeal may not be punished as for contempt. Such an order is in effect a judgment for a sum of money and is enforcible by execution.

Appeal by the defendant, Chain Shirt Shops, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of January, 1919, denying its motion to punish the plaintiff for contempt of court.

*Benjamin Reass* of counsel [*Hugo Hirsh* and *Emanuel Newman* with him on the brief; *Hirsh, Newman & Reass*, attorneys], for the appellant.

*Albert De Roode,* for the respondent.

Smith, J.:

The plaintiff brought an action against the defendant in the Municipal Court and recovered judgment. Execution was issued and the defendant paid upwards of $1,000 upon said judgment. Thereafter, upon appeal the judgment was reversed and the complaint was dismissed. The defendant

then made a motion as against the plaintiff for restitution of moneys received by the plaintiff. The order was granted. Upon the failure to pay those moneys the defendant moved to punish the plaintiff for contempt. This has been denied by the Special Term upon the authority of *O'Gara* v. *Kearney* (77 N. Y. 423). From the order denying this motion the defendant has here appealed.

In the *O'Gara* case it was held that a direction for the restitution of moneys paid upon a judgment, which has been set aside upon motion or reversed upon appeal, as authorized by the Code of Civil Procedure, is in effect a judgment for a sum of money and is enforcible by execution. It was then held that an order punishing a party as for a contempt in not complying with such a direction was unauthorized.

In *Kennedy* v. *O'Brien* (2 E. D. Smith, 41) it was held: " The proper course, where a party, who has succeeded upon appeal is entitled to a restoration of money paid upon a judgment, in one of the lower courts, is a motion in this court for restoration; and on that motion being granted, the decision becomes a part of the judgment in this court, and the amount so paid can be collected by execution, with the costs."

I have been unable to find that the *O'Gara* case has been overruled or that its authority has been in any way impaired.

In *Newell* v. *Hall* (74 App. Div. 278) it was held that the refusal of a judgment creditor to obey an order directing the restitution by him of a sum of money, paid to him by a receiver in supplementary proceedings under an order which has been vacated, may be punished by proceedings for contempt. In that case, Mr. Justice Ingraham, writing for the court, says: " It was held by the Court of Appeals in *Harris* v. *Elliott* (163 N. Y. 275) that where a final judgment simply directs the payment by one party to another of a sum of money, such final judgment is exclusively enforcible by execution and cannot be enforced by a proceeding under section 14 of the Code. In this case, however, there is no judgment of any kind; nor is the order directing the restitution a final order in the proceeding. It directs the restitution of a sum of money which had been paid by a receiver appointed by

the court, to the plaintiff under an order which had been vacated. There is no dismissal of the proceeding or final determination of any question therein involved. The order is clearly interlocutory." Mr. Justice Ingraham then bases his conclusion in part upon the case of *Forstman* v. *Schulting* (108 N. Y. 110). It was there held that " An attorney who had received money in payment of costs awarded to his client by an erroneous order, which has been reversed, *and who has the money in his hands,* may be compelled to restore it by order and attachment."

In *Devlin* v. *Hinman* (40 App. Div. 101) it was held that " Where a fund, deposited in court to abide the final determination of an action, is paid to a defendant under a judgment apparently establishing her right thereto, and upon the reversal of the judgment an order of restitution is issued directing the defendant *to repay the money into court,* the disobedience of such order constitutes a civil contempt and may be enforced by commitment." In that case the order directed the payment of the moneys to the county treasurer. In the opinion of Mr. Justice Hatch it is stated: " Nothing in *O'Gara* v. *Kearney* (77 N. Y. 423) conflicts with this view. In that case the order of restitution was held to be in effect a judgment for a sum of money, and, inasmuch as it directed payment to the party in the action, it was held that the proper remedy for enforcement was by execution."

In New York Practice, by Nichols (Vol. 4, p. 3913), in speaking of an order for restitution, he says: " In case of inability to comply with the order, it seems that the party may be relieved therefrom. The order for the restitution of money is enforcible by execution and not by contempt proceedings, where it is directed to be paid to a party to the action, though contempt proceedings lie in case of disobedience to the order where the money is directed to be paid into the custody of the court." This extract from Nichols' Practice states the distinction between the cases where it has been held that restitution may be enforced by execution and where it may be enforced by proceedings for contempt. There is language used, both in the opinions in *Newell* v. *Hall,* and in *Forstman* v. *Schulting,* cited above, which, if not read in connection with the facts of the particular case,

would indicate a contrary opinion upon the right of the enforcement of this order by proceedings for contempt, but in neither of those cases was the *O'Gara* case cited, and both cases are distinguishable from the *O'Gara* case, while the case here for decision is directly in line with the *O'Gara* case, and the order cannot be reversed without overruling that case.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

Clarke, P. J., Laughlin, Dowling and Shearn, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.