CELIA WALTERS, Plaintiff, v. JOHN REINHOUDT, Defendant.

Supreme Court, Chautauqua County, November 15, 1927.

Contempt — civil contempt — money in defendant's hands adjudged to be amount of money held by him as plaintiff's agent and trustee — judgment was one for sum of money that could be docketed and execution issued thereon — enforcement of judgment cannot be punished by contempt within meaning of Civil Practice Act, §§ 504 and 505 — defendant did not disobey direction of judgment against " interfering or intermeddling " with " property."

Defendant cannot be punished for civil contempt for not turning over to plaintiff a sum of money adjudged to have been the amount of plaintiff's money in the hands of defendant, her son, as her agent and trustee, since the final judgment, decreeing that the money in his possession was plaintiff's, is one that could be docketed and upon which execution could be issued, but the enforcement of which cannot be punished by contempt, within the meaning of sections 504 and 505 of the Civil Practice Act.

The fact that the judgment contained findings and conclusions that the money came from a particular source and was converted and dissipated by one who owed to plaintiff the duties of trustee in relation thereto does not change the character of the judgment as one for a sum of money.

Nor can defendant be said to have disobeyed the direction contained in the judgment that he should refrain from " interfering or intermeddling with the said property " in the absence of proof that he had in his possession any of the money on the day the judgment was entered.

MOTION to punish defendant for civil contempt.

*William Stearns*, for the plaintiff.

*C. O. Tarbox*, for the defendant.

CROSBY, J. This is a motion to punish defendant for civil contempt for not turning over to the plaintiff the sum of $1,180.97, adjudged to have been the amount of her money in the hands of defendant as her agent and trustee. The defendant has been through bankruptcy since the judgment was recovered, but it has been decided by the United States District Court that this particular debt is not discharged, because it is a debt arising out of fraud and deceit.

If an execution could properly issue upon this judgment, then it is not proper to enforce obedience to the judgment by punishing as for contempt. (Civ. Prac. Act, §§ 504, 505.) It seems clear that this judgment is one that could be docketed and execution issued thereon. (*Myers* v. *Becker*, 95 N. Y. 486; *Harris* v. *Elliott*, 163 id. 269; *Matter of Hess*, 48 Hun, 586; *O'Gara* v. *Kearney*, 77 N. Y. 423; *LeGros* v. *Chain Shirt Shops*, 187 App. Div. 368.)

The authorities cited by plaintiff's counsel are mostly cases where disobedience to orders, injunctions and interlocutory judgments or final judgments directing certain specific acts to be done or refrained from, have been punished as for contempt. Such are *Schmohl* v. *Phillips* (138 App. Div. 279); *Devlin* v. *Devlin* (69 N. Y. 212); *Kayser* v. *Fitzgerald* (109 Misc. 27); *Typothetæ of the City of New York* v. *Typographical Union No. 6* (132 App. Div. 921; 117 N. Y. Supp. 70); *Basch* v. *Associated Features Booking Co.* (92 Misc. 450); *People ex rel. Day* v. *Bergen* (53 N. Y. 404); *Segar* v. *Strauchler* (219 App. Div. 804).

Counsel for plaintiff cites the case of *Newell* v. *Hall* (74 App. Div. 278) as authority for the proposition that where a specified fund (rather than a specified amount) is directed to be paid, failure to obey subjects the debtor to contempt proceedings. But that was a case in which an execution could not issue (See Civ. Prac. Act, §§ 504, 505), as there was no final judgment. The direction to pay was contained in an order.

Counsel for plaintiff also cites *Leslie* v. *Saratoga Brewing Co.* (33 Misc. 118) upon this same proposition. The opinion in that case is enlightening, and some of the cases cited in the opinion are in point with the question involved in the instant case (note the paragraph quoted from *Matter of Watson* v. *Nelson*, 69 N. Y. 536), and the opinion does say: " Where an *order* is made for the payment of a *specific fund* * * * this * * * order [is] enforceable by proceedings as for a contempt." But the court is here telling how " orders " are enforced, not final judgments that can be enforced by execution. And I am not so sure that the money mentioned in the judgment in the case at bar is a " specific fund." The amount is specified, the bank where it is deposited is specified, and the

one to whose credit it is deposited is specified; but the money is not set aside in a specific fund that could be identified from any other money in the bank. In any case the plaintiff has a final judgment that can be enforced by execution and sections 504 and 505 of the Civil Practice Act forbid the remedy here sought in such a case.

In the instant case the judgment is really one for a sum of money. That fact is not changed by findings and conclusions that the money came from a particular source and is followed into a particular bank account. No claim is or can be made but that its identity was lost. The fact that it was converted or dissipated by one who owed to plaintiff the duties of trustee in relation thereto does not change the character of the judgment as one for a sum of money. (*Harris* v. *Elliott, supra.*)

There is one other consideration which leads to the same result. The findings in the case determined that the aforesaid amount of money was held by defendant as trustee in a certain bank account. Those findings are dated April 19, 1926. The judgment was not entered until May third, and a certified copy and demand for performance were not served upon defendant until May sixth. There is not a particle of proof here that on May sixth, or even on May third, defendant had the money he was directed to pay to his mother, the plaintiff, or any part of such money. One may not be punished as for contempt for failure to do the impossible. (*Kram* v. *Adler*, 126 Misc. 179; *Matter of Wegman's Sons*, 40 App. Div. 632; *Greenberg* v. *Polansky*, 140 id. 326; *Harrison* v. *DeHart*, 103 Misc. 536; *Jaffe* v. *Weld*, 181 App. Div. 16.)

The fact that there is no proof that defendant had any of his mother's money on the day the judgment was entered disposes of the claim that he disobeyed the direction in the judgment that he should refrain from " interfering or intermeddling with the said property," etc.

My conclusion that this motion must be denied has been arrived at with reluctance; for defendant's conduct in getting his aged mother's property into his hands and dissipating it, and then spending several hundred dollars, which ought to have gone to her, in an effort to beat her out of it, by going through bankruptcy, is conduct one could see punished without serious regret.

Nevertheless the motion is one I feel compelled to deny, without costs, however.