SAMUEL SWETNICK, Suing for Himself as Stockholder, and All Other Stockholders of THEODORE KLEIN, INC., in Like Situation Who Shall Choose to Make Themselves Parties to This Action, Respondent, *v.* THEODORE KLEIN, Appellant, Impleaded with ALFRED GARDNER and Another, Defendants.

First Department, February 7, 1936.

*Arthur G. Warner,* for the appellant.

*Maurice Gellar* of counsel [*Charles Rosenbaum,* attorney], for the respondent.

UNTERMYER, J. The answer of the defendant Theodore Klein has been stricken out under section 325 of the Civil Practice Act

upon the ground that this defendant had violated an order entered on July 20, 1934, requiring him to produce certain books and papers for inspection by the plaintiff. On the motion which resulted in the order of July 20, 1934, the defendant insisted, notwithstanding the plaintiff's allegations to the contrary, that these papers were not in his possession and, therefore, could not be produced by him. Thereupon the court entered the order of July 20, 1934, directing the production of the papers by Theodore Klein on July twenty-third, " or in the alternative, it is ordered that defendant, under oath, depose to his inability to produce them, or any of them." That order as originally submitted to the court contained a further provision " that thereafter plaintiff may move to punish defendant for contempt and /or take any other action he considers advisable," which, however, was stricken out by the court before the order was s gned.

At the time specified the defendant appeared at Special Term and produced some, though by no means all, of the papers included in the order. He also filed an affidavit in which he alleged " that your deponent is unable to produce the following items or any of them for inspection," and that " except that your deponent has check books and cancelled checks of his own bank accounts but deponent deposited no corporate income into any of his personal bank accounts, deponent, however, is offering these check books and cancelled checks for inspection." Notwithstanding his affidavit the defendant's answer has been stricken out.

We think the defendant has complied with the order of July twentieth, from which no appeal was taken by either party and which, therefore, is binding upon both. That order provided for the production of the books and papers or in lieu thereof the submission of an affidavit deposing to the defendant's inability to produce them, which affidavit was duly filed. It is contended, however, that the affidavit is shown to be untrue by earlier proceedings wherein the defendant was punished for contempt for failing to deliver these papers to a receiver of the corporate defendant. It is not shown, however, that the defendant's affidavit is sham. Those facts, moreover, were before the court when it entered the order of July twentieth and the court with full knowledge thereof expressly dispensed with any books and papers which the defendant deposed he was unable to produce.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

Martin, P. J., O'Malley, Dore and Cohn, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.