## FOURTH DEPARTMENT, DECEMBER, 1947.

### (December 31, 1947.)

MINNIE CEGALA, Appellant, *v.* LOUIS CEGALA, Respondent.

MEMORANDUM BY THE COURT. We modify this order in the foregoing respect by reason of the amendment of section 505 of the Civil Practice Act, effective September 1, 1947. (L. 1947, ch. 900, § 7). As to the applicability of that amendment to this judgment, we do not now determine.

HARRIS, J. (concurring). Appeal here is from an order at Special Term, Erie County, which order denied a motion for an order to adjudge the defendant in contempt of court. The ground of the application for such punishment was the failure of the respondent (ordered by judgment to so do) to pay over and account to the plaintiff-appellant the sum of $2,800 with interest thereon, within sixty days from the date of the judgment (March 17, 1947). The facts on which such judgment was granted were as follows:

As husband and wife, the appellant and the respondent herein were the owners of a piece of real estate situated in the city of Buffalo; on November 6, 1945, the husband and the wife transferred the premises by deed to a third party and the third party delivered to the defendant-respondent herein for such deed the sum of $5,600. At the time of the receipt of such check by the respondent, the plaintiff-appellant (the wife) was ill and at the request of the husband indorsed the check so that the same could be deposited in a bank account, and one half, the wife's share, made available to her when she desired to withdraw the same from such account. Subsequently the wife, now plaintiff-appellant, desired to obtain her one half of such sum, but the defendant-respondent retained the entire sum of $5,600 and refused to turn over one half of the same to his wife. On the trial of the action, which resulted in the judgment of March 17, 1947, judgment was rendered as follows:

" Ordered, Adjudged and Decreed That the defendant husband holds in trust the sum of Two thousand eight hundred and 00/100 Dollars ($2,800.00) for the

benefit of the plaintiff for her share out of the sale of certain real property, namely 128 Carmel Road in the City of Buffalo, New York, and it is further

" Ordered, Adjudged and Decreed that the defendant Louis A. Cegala should pay over and account to the plaintiff Minnie Cegala in the sum of Two thousand eight hundred and no/100 Dollars ($2,800.00) with interest from November 8, 1945 due to her in this action, and I, therefore further by the virtue of the power and authority vested in me

" Hereby Order and Direct Louis A. Cegala to pay over to Minnie Cegala, the plaintiff herein, the sum of Two thousand eight hundred and no/100 Dollars ($2,800.00) with interest from November 8, 1945, within 60 days from the date of this order."

A certified copy of the judgment in that action, on March 19, 1947, was served on the defendant-respondent husband, but he refused to turn over or pay over the said sum to her. No appeal was taken from such judgment. The husband respondent, in opposing the motion for punishment for contempt, asserted that he had retained the entire sum of $5,600 as his own and no longer has any part of the same. In denying this motion, the court stated that such order was being made because the judgment was for a sum of money and, therefore, an execution could be issued to enforce such judgment. The order, from which appeal is now taken, was granted June 26, 1947. The granting of such order on that ground was in accordance with the statute as then in force. (Civ. Prac. Act, §§ 504, 505. See *Hennig* v. *Abrahams*, 270 N. Y. 626, affg. 246 App. Div. 261; *Harris* v. *Elliott*, 163 N. Y. 269; *Mendelsohn* v. *Rosenberg*, 248 App. Div. 743; *Coffin* v. *Coffin*, 161 App. Div. 215; *Matter of Kramsky*, 172 Misc. 935; *Fingerhut* v. *Hirsch*, 182 Misc. 429, 432; *Walters* v. *Reinhoudt*, 130 Misc. 745.)

By section 7 of chapter 900 of the Laws of 1947, the Legislature added to section 505 of the Civil Practice Act a subdivision, which read as follows: " 5. Where the judgment requires a trustee or person acting in a fiduciary relationship to pay a sum of money for a wilful default or dereliction of his duty. In a case specified in this subdivision, if the judgment is final, it may be enforced as prescribed in this section either simultaneously with, or before, or after the issuing of an execution thereupon, as the court directs."

This amendment took effect September 1, 1947, after the denial of the motion at Special Term herein. The amendment of section 505 was on the recommendation of the Judicial Council, and the objective of such recommendation was to secure legislation " increasing to some extent the instances in which the refusal or wilful neglect to pay a judgment for a sum of money may be punished as a contempt " and to " overcome a number of decisions to the contrary by giving to a court of record power to punish as a contempt a refusal or wilful neglect by a fiduciary to pay a money judgment rendered against him for a default of his trust ", and to implement " the law's policy of requiring a high standard of conduct of a fiduciary by furnishing an additional deterrent against its violation." (See Thirteenth Annual Report of N. Y. Judicial Council, 1947, pp. 44, 45.)

The question now arises as to whether or not subdivision 5 of section 505 of the Civil Practice Act would be of value to the appellant herein on a renewal of her application for the punishment of the respondent for contempt in failing to comply with the judgment directing the payment to her of the $2,800. If the law as now in force would be of avail to the appellant, then, in the interest of justice, the order at Special Term should be modified to permit a further

application to be made by her, if she so be advised. The question involved here is whether or not the amendment was a procedural statute which changed a former remedy or provided an additional remedy for a wrong that existed, or whether it was a statute which interfered with antecedent rights. (See *Shielcrawt* v. *Moffett,* 294 N. Y. 180.) This remedy, afforded by the new subdivision of section 505 of the Civil Practice Act, does not interfere with any antecedent rights of the respondent. The Legislature in enacting the subdivision did not limit its use to the future of the effective date. It affords a remedy for an existing wrong, i.e., the failure of the husband to deliver the moneys to the wife as directed by the judgment of a competent court. (See McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], §§ 51–54.) Therefore, the order from which appeal has been taken should be modified by providing therein that on a proper showing the appellant herein may again apply for an order of Special Term holding the respondent husband in contempt. The granting of such order would be within the proper discretion of the court to which such application is made.

The order from which appeal is taken should be modified as hereinbefore stated, and as so modified affirmed, without costs to either party.

All concur with memorandum by the court; Harris, J., in a separate opinion. Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.

Order modified as a matter of discretion by giving plaintiff leave to renew and as so modified affirmed, without costs of this appeal to either party.