cause.   Code Civil Proc. § 2125, prescribes a limitation of four months for bringing *certiorari*, and section 2126 extends this to 20 months, where the relator is imprisoned on a criminal charge, or in execution upon conviction of a criminal offense, etc.

Argued before VAN BRUNT, P. J., and BRADY, J.

*Howe & Hummel,* for relator.

PER CURIAM.   The application for a writ of *certiorari* must be denied.   The pendency of the indictment in no way precluded this court from exercising its power of review, if it had any.   The relator, being out on bail, had full liberty to make his application during the four months allowed by section 2125 of the Code, and he was not imprisoned on a criminal charge at the time of the expiration of this time, so as to be entitled to the additional time mentioned in section 2126.   An order may be entered denying the application upon these grounds, so that an appeal may be taken therefrom if the relator desires.

---

PEOPLE *ex. rel.* POST *v.* GRANT, Sheriff.

*(Supreme Court, General Term, First Department.   November 23, 1888.)*

1. CONTEMPT—COMMITMENT—POWER OF SUPREME COURT JUSTICE.
   A commitment for contempt, being *ex parte* and issuable without notice, may be made by any justice of the supreme court holding a term in any part of the state.
2. SAME—IMPRISONMENT BY SHERIFF OF ANOTHER COUNTY—HABEAS CORPUS.
   It is no ground for the discharge of one arrested on a commitment for contempt that the sheriff of one county had no power to imprison relator in another, as commanded by the commitment.   Though it would have been more regular to issue the commitment to the sheriff of the latter county, who could have arrested relator in any county of the state, under Code Civil Proc. N. Y. § 118, permitting an officer who has made an arrest to convey his prisoner through one or more counties to the place of imprisonment, yet relator, if rightfully under arrest, will not be discharged on *habeas corpus* because he was taken by the wrong person.   He should simply be remanded to the custody of the proper sheriff, as directed by Code Civil Proc. § 2036, when the officer in whose custody he is, is not lawfully entitled thereto.
3. SAME—WARRANT—SUFFICIENCY—SPECIFICATION OF ACTS.
   Under Code Civil Proc. § 2285, providing that where the contempt consists of an omission to perform an act or duty, the order and the warrant of commitment, if one be issued, must specify the act or duty to be performed, and the sum to be paid, a warrant simply referring to the order and judgment is fatally defective.

Appeal from special term, New York county.

*Habeas corpus.*   Relator, John H. Post, is held under a commitment made July 21, 1887, for contempt in disobeying a final judgment of the supreme court, and he appeals from an order dismissing the writ and remanding him to the custody of Hugh J. Grant, sheriff of New York county.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*Noah Davis,* for appellant.    *W. W. MacFarland,* for respondent.

VAN BRUNT, P. J.    The validity and sufficiency of the order in pursuance of which the commitment in question issued having been determined by the court of appeals (*King* v. *Barnes,* 16 N. E. Rep. 332) against the contention of the relator, no question as to the regularity and sufficiency of the order is now before the court, and the only points which remain undetermined are as to the sufficiency of the commitment and the power of the respondent to arrest and hold the relator thereunder.   The learned justice who made the order appealed from in his opinion has conclusively shown that the court which issued this commitment had full power and authority so to do.   The supreme court of the state is one court, though having numerous justices and clerks, and any justice holding a court in any part of the state may make an order of the supreme court in any action, no matter in what county the venue may be laid, unless such order is required to be or is made upon notice, (Code Civil Proc. §§ 768, 769,) except in certain cases regulated by special statutes.

Therefore, the commitment in question being *ex parte,* application could be issued by any justice of the supreme court while holding a term of said court in any part of the state. Under the provisions of section 2283 of the Code the defendant could have been arrested without the issuance of any commitment; a certified copy of the order directing the commitment being a sufficient warrant. The issuance of the commitment was therefore unnecessary in the case at bar, although the proceeding by commitment was entirely regular, and is expressly authorized by section 2281.

The objection that the sheriff of New York had no power to imprison the relator in Richmond county, as commanded by the commitment, may be well taken, but this defect in no way invalidates the proceeding. The commitment ran to the sheriff of New York county, or any other county, and although perhaps the most regular practice would have been to have issued the commitment to the sheriff of Richmond county, who it appears could have made the arrest in any county of the state, and have taken the prisoner to the county of Richmond for incarceration, (*People* v. *Nevins,* 1 Hill, 154; section 118, Code Civil Proc.,) the fact that the arrest was actually made by the sheriff of New York county in no manner entitles the relator to his discharge. If the relator is rightfully under arrest, merely because he has been taken by the wrong person in no manner entitles him to his discharge upon a *habeas corpus.* By section 2036 of the Code it is expressly provided that where a prisoner is not entitled to his discharge he must be remanded to the custody from which he was taken, unless the person in whose custody he was is not lawfully entitled thereto; in which case the order remanding him must commit him to the custody of the officer or person so entitled. By this provision, if the relator should properly have been arrested by the sheriff of Richmond county, as we think he should have been, it was the duty of the court, upon dismissing the writ of *habeas corpus,* to have remanded the relator, not to the custody of the sheriff of New York, from whose custody he was taken, but to the custody of the sheriff of Richmond county, in whose custody he belonged. That a sheriff of one county may arrest in another for the purposes of incarceration in his own county has been expressly recognized by section 118 of the Code of Civil Procedure, which provides that a sheriff who has lawfully arrested a prisoner may convey his prisoner through one or more counties in the ordinary route of travel from the place where the prisoner was arrested to the place where he is to be confined. The case already cited, of *People* v. *Nevins,* recognizes the same power. We are of the opinion, therefore, that the relator was not entitled to his discharge simply because of his arrest by the sheriff of New York, but that he should have been remanded to the sheriff of Richmond county, to be confined pursuant to the commitment.

The objection raised to the sufficiency of the commitment raises a more serious question. The commitment in question does not specify the acts to be done by the relator, but refers to another order and judgment therefor. This does not seem to be a compliance with section 2285 of the Code. This section provides that, where the misconduct consists of an omission to perform an act or duty, the order and the warrant of commitment, if one be issued, must specify the act or duty to be performed, and the sum to be paid. In the case at bar the warrant of commitment does not specify the acts to be performed, but refers to the order and judgment. This is not a compliance with the requirements of the Code. The commitment must specify the act to be done, where one is issued, and no reference can be had to any other paper to supply this defect. The reason of this provision is obvious. It is for the purpose of enabling the sheriff to determine when the prisoner is entitled to his liberty. The answer made by the respondent to this objection does not seem to meet the difficulty. It is of no consequence how well the relator knew what he was bound to do; neither would it have remedied the difficulty if the sheriff had returned that he held the relator under a certified copy of the order as well

as under the commitment. We suppose that the parties proceeding to enforce penalties for contempt must either proceed by arrest under a commitment or a certified copy of the order, but that they cannot do both. They must elect their course of procedure, and be governed by such election in all subsequent stages of the proceeding. If the commitment had recited the order, so that it became part thereof, that would have been sufficient, but the order was in no manner made a part of the commitment by a simple reference thereto. The provisions of the Code in respect to this matter seem to be distinct, and must be followed. The commitment, therefore, being fatally defective, the relator was entitled to his discharge from arrest under this commitment. Order reversed, with $10 costs and disbursements, and prisoner discharged from arrest under commitment issued July 21, 1887.

BARTLETT and MACOMBER, JJ., concur.