ELLEN C. HOMMEL and JAMES H. HARNDEN, Respondents, *v.* WILLIAM J. BUTTLING, as Sheriff of the County of Kings, Appellant.

*Commitment for contempt in refusing to perform an act — the punishment may be confined to the payment of a fine — in such case a discharge at the end of six months is proper.*

A commitment for contempt in refusing to perform an act still in the power of the offender may, under section 2284 of the Code of Civil Procedure, limit the punishment to the payment of a fine.

Where a commitment does not, in addition to the fine imposed, direct the imprisonment of the offender to continue until he performs the act required of him, section 2285 of the Code of Civil Procedure has no application to the case, and the sheriff, after the expiration of six months, may lawfully discharge him from imprisonment.

GOODRICH, P. J., dissented.

APPEAL by the defendant, William J. Buttling, as sheriff of the county of Kings, from a judgment of the Supreme Court in favor

of the plaintiffs, entered in the office of the clerk of the county of Kings on the 14th day of July, 1899, upon the decision of the court rendered after a trial before the court without a jury at the Kings County Trial Term.

The facts in this case are stated in the opinion of GOODRICH, P. J.

*Hugo Hirsh,* for the appellant.

*Arthur P. Hilton,* for the respondents.

CULLEN, J. :

We differ from the view of the learned presiding justice that the commitment is illegal on its face. It did not direct the imprisonment of the debtor for any period whatever after the payment of his fine. Section 2285, Code of Civil Procedure, has no application to such a case. It provides that where the misconduct is an omission to perform an act still in the power of the offender to perform, he shall be imprisoned only until he has performed it and paid the fine, and that in other cases he may be imprisoned not exceeding six months. The effect of this section is to limit the power of the court to inflict imprisonment as punishment for contempt, in one case to only such time as the defendant may perform an act still within his power, in the other to a term not exceeding six months. But the section does not require that the court must, of necessity, inflict imprisonment in either class of cases. It may, under section 2284, confine the punishment to the payment of a fine simply. This is what has been done in the present case. The court might, in addition to the fine imposed, have directed the imprisonment of the offender to continue until he should submit to an examination, but it was not required to do so. *People ex rel. Post* v. *Grant* (50 Hun, 243) is not an authority to the contrary. In that case the relator was discharged, not because there was no direction that he be imprisoned until he performed any act or duty, but because, having been directed to be imprisoned until he complied with certain orders of the court, the commitment failed to specify the particular acts which he was to do, as required by section 2285.

The judgment appealed from should be affirmed, with costs.

All concurred, except GOODRICH, P. J., who read for reversal.

GOODRICH, P. J. (dissenting):

The plaintiffs recovered a judgment against one Cummiskey for $131.45, upon which supplementary proceedings were instituted and an order made requiring him to appear for examination as to his property. This he failed to do, and in proceedings for contempt an order was made adjudging him guilty of contempt. The order contained the following clauses:

" III. That the said John Cumiskey for said misconduct is hereby fined the sum of one hundred and ninety-one 10/100 dollars, being said sum, together with ten dollars costs of this motion, for the indemnity and use of and to be paid to the judgment creditors herein.

" IV. That said John Cumiskey be committed by the Sheriff of the County of Kings to the County Jail of said county, to be there detained in close custody until he shall pay said sum or be discharged according to law."

Cummiskey was taken into custody by the sheriff under such order and confined in the county jail, where he remained for six months and was then discharged by the sheriff. The plaintiffs brought this action for escape, and the defendant appeals from a judgment rendered against him.

Section 2285 of the Code of Civil Procedure, relating to proceedings for contempt, provides that " Where the misconduct proved consists of an omission to perform an act or duty, which it is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it, and paid the fine imposed. In such a case the order * * * must specify the act or duty to be performed and the sum to be paid."

The misconduct proved in this instance was a failure to submit to examination, and the amount or fine to be paid was stated. But the order for commitment did not comply with section 2285 by stating the act to be performed, although it did state the amount of the fine to be paid. It was held in *People ex rel. Post* v. *Grant* (50 Hun, 243, 247), where in proceedings for contempt a commitment instead of an order was issued, as follows: " In the case at bar the warrant of commitment does not specify the acts to be performed, but refers to the order and judgment. This is not a compliance with the requirements of the Code. The commitment must specify the act

to be done, where one is issued, and no reference can be had to any other paper to supply this defect. The reason of this provision is obvious; it is for the purpose of enabling the sheriff to determine when the prisoner is entitled to his liberty." The court added (p. 248): "The provisions of the Code in respect to this matter seem to be distinct, and must be followed. The commitment, therefore, being fatally defective, the relator was entitled to his discharge from arrest under this commitment."

It will be observed that in the *Post* case the proceeding was habeas corpus. The return of the sheriff stated that the commitment referred to the order under which the relator was held and which directed that the relator should be committed to jail there to remain charged with the contempt mentioned in the order until he should have paid the fine imposed upon him for misconduct and until he should cancel certificates of stock. In the present case the order, of which a copy was annexed to the complaint, adjudged that Cummiskey was guilty of a contempt in having willfully disobeyed the order to submit to examination, and that for such contempt the fine was imposed.

It appears here, exactly as it did in the *Post* case, that is, by the order adjudging the party in contempt, that there were two acts to be performed, viz., submission to examination and the payment of the fine ; and unless we refuse to adopt the views of the court in the *Post* case, both grounds should have appeared in the commitment. Under that authority we cannot do otherwise than hold that the order in the present case, to use the language of the court, was "fatally defective" and that the sheriff was justified in discharging Cummiskey when he did.

The judgment should be reversed, and as the error is of such a vital character that it cannot be obviated on a new trial, judgment ordered for the defendant, with costs. (*Goodwin* v. *Griffis*, 88 N. Y. 629, 640).

Judgment affirmed, with costs.