HOMMEL et al. v. BUTTLING.

(Supreme Court, Appellate Division, Second Department. December 19, 1899.)

CONTEMPT—MISCONDUCT—OMISSIONS—FINES.

    Code Civ. Proc. § 2285, relating to contempt, and providing that, where injury has been produced to a party to an action, for which there is no remedy by action, by an omission by another to perform an act, the latter "shall be imprisoned only until he has performed" the act, and paid the fine imposed, does not preclude an imposition of a fine on a party guilty of such an omission, without requiring him to perform the act, such procedure being allowed by section 2284, authorizing the imposition of an indemnifying fine on any one guilty of misconduct to a party to an action, where there is no remedy by action.

    Goodrich, P. J., dissenting.

Appeal from trial term, Kings county.

Action by Ellen C. Hommel and another against William J. Buttling, as sheriff of Kings county. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Hugo Hirsh, for appellant.

Arthur P. Hilton, for respondents.

CULLEN, J. We differ from the view of the learned Presiding Justice that the commitment is illegal on its face. It did not direct the imprisonment of the debtor for any period whatever after the payment of his fine. Section 2285, Code Civ. Proc., has no application to such a case. It provides that, where the misconduct is an omission to perform an act still in the power of the offender to perform, he shall be imprisoned only until he has performed it, and paid the fine, and that in other cases he may be imprisoned not exceeding six months. The effect of this section is to limit the power of the court to inflict imprisonment as punishment for contempt in one case to only such time as the defendant may perform an act still within his power; in the other, to a term not exceeding six months. But the section does not require that the court must, of necessity, inflict imprisonment in either class of cases. It may, under section 2284, con-

fine the punishment to the payment of a fine, simply. This is what has been done in the present case. The court might, in addition to the fine imposed, have directed the imprisonment of the offender to continue until he should submit to an examination, but it was not required to do so. People v. Grant, 50 Hun, 243, 3 N. Y. Supp. 142, is not an authority to the contrary. In that case the relator was discharged, not because there was no direction that he be imprisoned until he performed any act or duty, but because, having been directed to be imprisoned until he complied with certain orders of the court, the commitment failed to specify the particular acts which he was to do, as required by section 2285.

The judgment appealed from should be affirmed, with costs. All concur, except GOODRICH, P. J., who dissents.

GOODRICH, P. J. (dissenting). The plaintiffs recovered a judgment against one Cumiskey for $131.45, upon which supplementary proceedings were instituted, and an order made requiring him to appear for examination as to his property. This he failed to do, and in proceedings for contempt an order was made adjudging him guilty of contempt. The order contained the following clauses:

"(3) That the said John Cumiskey, for said misconduct, is hereby fined the sum of one hundred and ninety-one $10/_{100}$ dollars, being said sum, together with ten dollars costs of this motion, for the indemnity and use of, and to be paid to, the judgment creditors herein. (4) That said John Cumiskey be committed by the sheriff of the county of Kings to the county jail of said county, to be there detained in close custody until he shall pay said sum, or be discharged according to law."

Cumiskey was taken into custody by the sheriff under such order, and confined in the county jail, where he remained for six months, and was then discharged by the sheriff. The plaintiffs brought this action for escape, and the defendant appeals from a judgment rendered against him.

Section 2285 of the Code of Civil Procedure, relating to proceedings for contempt, provides that:

"Where the misconduct proved consists of an omission to perform an act or duty, which it is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it, and paid the fine imposed. In such a case, the order * * * must specify the act or duty to be performed, and the sum to be paid."

The misconduct proved in this instance was a failure to submit to examination, and the amount or fine to be paid was stated. But the order for commitment did not comply with section 2285 by stating the act to be performed, although it did state the amount of the fine to be paid. It was held in People ex rel. Post v. Grant, 50 Hun, 243, 247, 3 N. Y. Supp. 143, where, in proceedings for contempt, a commitment, instead of an order, was issued, as follows:

"In the case at bar the warrant of commitment does not specify the acts to be performed, but refers to the order and judgment. This is not a compliance with the requirements of the Code. The commitment must specify the act to be done, where one is issued, and no reference can be had to any other paper to supply this defect. The reason of this provision is obvious. It is for the purpose of enabling the sheriff to determine when the prisoner is entitled to his liberty."

The court added (page 248, 50 Hun, and page 144, 3 N. Y. Supp.):

"The provisions of the Code in respect to this matter seem to be distinct, and must be followed. The commitment, therefore, being fatally defective, the relator was entitled to his discharge from arrest under this commitment."

It will be observed that in the Post Case the proceeding was habeas corpus. The return of the sheriff stated that the commitment referred to the order under which the relator was held, and which directed that the relator should be committed to jail, there to remain charged with the contempt mentioned in the order until he should have paid the fine imposed upon him for misconduct, and until he should cancel certificates of stock. In the present case, the order, of which a copy was annexed to the complaint, adjudged that Cumiskey was guilty of a contempt in having willfully disobeyed the order to submit to examination, and that for such contempt the fine was imposed. It appears here, exactly as it did in the Post Case,—that is, by the order adjudging the party in contempt,—that there were two acts to be performed, viz. submission to examination and the payment of the fine; and unless we refuse to adopt the views of the court in the Post Case, both grounds should have appeared in the commitment. Under that authority we cannot do otherwise than hold that the order in the present case, to use the language of the court, was "fatally defective," and that the sheriff was justified in discharging Cumiskey when he did.

The judgment should be reversed, and, as the error is of such a vital character that it cannot be obviated on a new trial, judgment ordered for the defendant, with costs. Goodwin v. Griffis, 88 N. Y. 629, 640.