HENDERSON, HULL & CO. v. McNALLY et al. (Supreme Court, Appellate Division, First Department. April 12, 1900.) Action by Henderson, Hull & Co., a corporation, against Harry McNally and others. No opinion. Motion denied, with $10 costs.

HENNING, Respondent, v. NEW YORK & O. R. CO., Appellant. (Supreme Court, Appellate Division, Third Department. May 15, 1900.) Action by John L. Henning against the New York & Ottawa Railroad Company. No opinion. Order affirmed, with $10 costs and disbursements.

In re HICKEY. (Supreme Court, Appellate Division, First Department. May 11, 1900.) In the matter of Patrick J. Hickey. No opinion. Motion granted, with $10 costs. See 50 N. Y. Supp. 1128.

HIGGINS, Appellant, v. SHARP, Respondent. (Supreme Court, Appellate Division, Second Department. April 14, 1900.) Action by Thomas C. Higgins against Gertrude S. Sharp, otherwise called Gertrude S. Higgins. No opinion. Order affirmed, with $10 costs and disbursements.

HIGGINS, Appellant, v. SHARP, Respondent. (Supreme Court, Appellate Division, Second Department. May 1, 1900.) Action by Thomas C. Higgins against Gertrude S. Sharp, otherwise called Gertrude S. Higgins.

PER CURIAM. Motion for leave to appeal to the court of appeals granted, and question certified as follows: Has the supreme court, in an action against a wife to annul a ceremonial marriage, in which action the wife by her answer asserts the validity of the marriage, power to grant alimony and counsel fee pendente lite?

HOHENSTEIN, Appellant. v. APOLLO INCANDESCENT GASLIGHT CO., Respondent. (Supreme Court, Appellate Term. May 1, 1900.) Action by Hugo Hohenstein against the Apollo Incandescent Gaslight Company. From a judgment and order of the general term of the city court of New York (61 N. Y. Supp. 1138), affirming a judgment in favor of defendant, plaintiff appeals. Affirmed. Felix Jellenik, for appellant. Benjamin Veit, for respondent.

PER CURIAM. The judgment and order appealed from are affirmed, with costs, on the opinion of the general term of the city court.

HOMMEL et al., Respondents, v. BUTTLING, Sheriff, Appellant. (Supreme Court, Appellate Division, Second Department. April 14, 1900.) Action by Ellen C. Hommel and others against William J. Buttling, sheriff, etc. No opinion. Motion for reargument denied. See 61 N. Y. Supp. 811.

ISHAM, Respondent, v. POST et al., Appellants. (Supreme Court, Appellate Division, Second Department. April 14, 1900.) Action by Henry H. Isham, trustee, against Mary A. Post and Alfred E. Austin, as administrators of Augustus T. Post, deceased. From a judgment of

64 N.Y.S.—72

the supreme court on the report of a referee, and from an order granting plaintiff an extra allowance, defendants appeal. Affirmed. Alfred Ely, for appellants. Frederic A. Ward, for respondent.

WILLARD BARTLETT, J. The facts of this case as they were developed upon the first trial are sufficiently stated in the opinion of the court of appeals reversing the original judgment in favor of the plaintiff. Isham v. Post, 141 N. Y. 100, 35 N. E. 1084, 23 L. R. A. 90. On the second trial, the referee's conclusions of fact differed somewhat from those reached by the learned judge before whom the case was first tried. A careful examination of the present record convinces us, however, that the findings of the referee, even where they are more favorable to the plaintiff than those made upon the former trial, are amply sustained by the evidence; and we are also of the opinion that the admission of the proof which the court of appeals held to have been erroneously excluded did not call for any different disposition of the case than that made in the first instance by Mr. Justice Cullen, for the reason that such proof was by no means so strong as the court of appeals assumed it might be. The referee has found that there was no agreement or understanding between the plaintiff and Post that Post should receive no compensation for his services in making the loan. On the first trial it was expressly held that his services were to be without compensation, but that he was negligent in failing to take any precautions to verify the genuineness of the securities upon which the loan was made, and which turned out to be forged. "If a fair and reasonable examination of the papers," said Judge Finch, "in the room of a hurried and momentary glance, would have disclosed the fraud to the skilled eye of an experienced banker, or awakened a suspicion which would have led to a verification, then I think a finding of negligence would be justified"; and because the trial judge refused offers to prove that Post had loaned $50,000 of his own money partly on similar forged collateral securities, and that for several years the same forged certificates had been accepted in Wall street as collateral for loans, and had "deceived the skill and care of a great number of bankers and brokers," the judgment was reversed. On the trial now under review, Post's clerk, Shephard, testified for the first time that he examined the certificates "carefully." No details of this examination are given. What he meant by "carefully" does not appear. He would not swear that he knew the signature of any one of the persons by whom they were signed, and there is absolutely nothing in his testimony to indicate that he was possessed of any information which would constitute such inspection as he made of the securities any safeguard whatever to the person whose money was proposed to be loaned upon them. Then the proof which was put in under the offer excluded upon the first trial, as to the manner in which other bankers and brokers had made loans upon these forged collaterals, fell very far short of showing that the raised certificates had deceived their skill and care, as supposed by Judge Finch. It did show that numerous loans had been made upon the same certificates,