(62 App. Div. 593.)

PEOPLE ex rel. PIERCE v. BRICE et al.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

CONTEMPT OF COURT—PUNISHMENT—IMPRISONMENT—WHEN AUTHORIZED.

Defendant failed to obey a writ of mandamus commanding him to vote for the issuance of certain corporate stock of the city of New York. On the day on which an order to show cause why he should not be punished for contempt in not obeying such writ was served on him, he voted for the issuance of the stock. On the return of the order the court adjudging him guilty of contempt required him to pay the expense of the proceedings, and ordered him confined in jail for 10 days. *Held*, that the imprisonment was unauthorized, under Code Civ. Proc. § 2285, providing that, when the misconduct consists of an omission to perform an act or duty which it is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it and paid the fine imposed, since he had performed before the sentence was pronounced.

Appeal from special term, New York county.

Proceeding for contempt of court by the people, on the relation of John Pierce, against Stewart M. Brice, impleaded with others. From an order adjudging defendant guilty, and from an order denying motion for reargument (70 N. Y. Supp. 346), defendant appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

John M. Bowers, for appellant.

L. Laflin Kellogg, for respondent.

PER CURIAM. We do not think we are warranted in disturbing any of the conclusions reached by the learned judge at special term, excepting that relating to defendant's punishment. In addition to requiring him to pay $473.75, to cover the expenses, the order directed further that the defendant be confined in the county jail for a period of 10 days. This we do not think the court had power to do. Section 2285 of the Code of Civil Procedure provides:

"Where the misconduct proved consists of an omission to perform an act or duty, which it is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it, and paid the fine imposed. In such a case, the order, and the warrant of commitment, if one is issued, must specify the act or duty to be performed, and the sum to be paid. In every other case, where special provision is not otherwise made by law, the offender may be imprisoned for a reasonable time, not exceeding six months, and until the fine, if any, is paid; and the order, and the warrant of commitment, if any, must specify the amount of the fine, and the duration of the imprisonment."

Here the contempt of the defendant consisted in his failure to obey a writ of mandamus compelling him to vote for the issuance of certain corporate stock of the city of New York. The order to show cause why he should not be punished was served on him on August 2, 1899, on which same day he voted for the stock as commanded by the writ. As his contempt thus consisted in an omission to perform an act or duty which was performed before there was a decision or final order in the contempt proceedings, the court was powerless to imprison the defendant. The distinction between contempts which consist of omissions to do acts, which, when done, relieve from imprisonment, and those affirmative acts of resistance to the orders of the court wherein imprisonment may be imposed on the offender, has been pointed out in King v. Barnes, 113 N. Y. 476, 21 N. E. 182; Fenlon v. Dempsey (Sup.) 7 N. Y. Supp. 435; King v. Flynn, 37 Hun, 330.

The order adjudging the appellant guilty of contempt should accordingly be modified by striking out the provision relating to imprisonment, and as so modified affirmed, without costs to either party.