JULIA STEWART, Appellant, *v.* ALFRED E. SMITH, as Sheriff of the County of New York, Respondent.

First Department, March 7, 1919.

Debtor and creditor — term of imprisonment of judgment debtor upon whom fine has been levied by way of indemnity for actual loss sustained by judgment creditor through refusal of debtor to appear pursuant to order for examination in supplementary proceedings — Judiciary Law, sections 773 and 774, distinguished and construed — method of collecting fine levied for indemnity — issue of execution or mandate against person — provision of section 1488 of Code of Civil Procedure against issuing execution against person of woman not applicable to mandate for collection of fine.

A judgment debtor upon whom has been imposed a fine exceeding $250 and equal to the amount of the creditor's judgment, which fine was levied under section 773 of the Judiciary Law by way of indemnity for actual loss adjudged to have been sustained through the refusal by the judgment debtor to appear pursuant to an order for examination in supplementary proceedings, no commitment having been issued, may not be imprisoned for more than six months, or in the event that the fine be not paid, may not be imprisoned indefinitely.

Section 773 of the Judiciary Law, providing for the levying of a fine for indemnity, and section 774, imposing punishment for a disobedience of a mandate of the court, provide distinct and different methods of dealing with different circumstances. The plain implication of the latter section is that when imprisonment is imposed as punishment, it must be reasonable and in no case to exceed six months.

The proper method for collecting a fine levied for indemnity and procuring it to be paid over to the aggrieved party under the direction of the court, is by the issuing of an execution or mandate against the person. There is no occasion for first issuing an execution against the property of the judgment debtor where the foundation of the whole proceeding is a judgment to collect which an execution against the property has been returned unsatisfied.

The provision in section 1488 of the Code of Civil Procedure against issuing an execution against the person of a woman does not apply to a mandate of the court for the collection of a fine, but to execution issued to collect a judgment recovered in an action.

Although it may be better practice to issue a separate and formal execution or mandate against the person to collect the fine, it is not strictly necessary where the order itself contains a mandate against the person, directed to the sheriff requiring him to collect the fine, for there is no essential difference between an execution against the person and a mandate against the person, except that the latter is the express direction of the court.

APPEAL by the plaintiff, Julia Stewart, from an order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 3d day of July, 1918, affirming a judgment of the Municipal Court of the County of New York, Borough of Manhattan, Eighth District, dismissing the complaint in an action brought against the sheriff for an escape.

*Paul Jones* of counsel [*Dean Nelson*, attorney] for the appellant.

*George W. Olvany* of counsel [*John Ingle, Jr.*, with him on the brief], for the respondent.

SHEARN, J.:

This appeal presents the question whether a judgment debtor, upon whom has been imposed a fine exceeding $250 and equal to the amount of the creditor's judgment, which fine was levied by way of indemnity for actual loss adjudged to have been sustained through the refusal by the judgment debtor to appear pursuant to an order for examination in supplementary proceedings, may be imprisoned for more than six months, or, in the event that the fine be not paid, may be imprisoned indefinitely.

The plaintiff obtained a judgment against one Anna E. Clarke for $534.41, and upon the failure of the judgment debtor to respond to an order for her examination contempt proceedings were instituted resulting in an order containing the finding that said Anna E. Clarke "refused to obey the order of this court directing her to appear and be examined concerning her property, and that the refusal thereof has actually impeded, defeated, injured and prejudiced the rights and interests of the plaintiff and judgment creditor herein, and has caused the plaintiff and judgment creditor an actual loss, injury and damage in the sum of $534.41." The order further recites that the motion is granted and that the judgment debtor "is hereby adjudged guilty of a contempt of this court, and for such contempt and for the actual loss and injury suffered by the plaintiff and judgment creditor and that she be and hereby is fined in the sum of $534.41, the amount of the judgment herein." The order concludes:

" Ordered, that the said defendant, Anna E. Clarke, for the contempt aforesaid, for her guilt, be committed by the Sheriff of the County of New York in the jail of the said county without further process until the said fine together with the sheriff's fees hereupon be paid or until she is discharged according to law." It does not appear that any commitment was issued. The complaint alleges and the answer admits that the order was delivered to the defendant, who arrested the judgment debtor on May 5, 1917, and kept her in jail pursuant to such order until November 5, 1917, a period of six months, when, as it is conceded, the defendant discharged the judgment debtor without the consent of the plaintiff and without the fine having been paid.

Section 750 of the Judiciary Law (Consol. Laws, chap. 30; Laws of 1909, chap. 35) empowers the court to punish for a criminal contempt a person guilty of " wilful disobedience to its lawful mandate," and by section 751 the punishment " may be by fine, not exceeding two hundred and fifty dollars, or by imprisonment, not exceeding thirty days, in the jail of the county where the court is sitting, or both, in the discretion of the court. Where a person is committed to jail, for the non-payment of such a fine, he must be discharged at the expiration of thirty days; but where he is also committed for a definite time, the thirty days must be computed from the expiration of the definite time." Where the statute provides a maximum imprisonment of sixty days for a *criminal* contempt, consisting of a willful disobedience to a lawful mandate of the court, one is led to scrutinize with care the claimed statutory authority for imprisonment of a judgment debtor for more than six months, and perhaps indefinitely, for a civil contempt consisting of failure to respond to an order for examination in supplementary proceedings.

Section 770 of the Judiciary Law, dealing with civil contempt, provides: " If it is determined that the accused has committed the offense charged; and that it was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of a party to an action or special proceeding, brought in the court, or before the judge or referee; the court, judge, or referee must make a final order accordingly,

and directing that he be punished by fine or imprisonment, or both, as the nature of the case requires. A warrant of commitment must issue accordingly."

Section 773 of the Judiciary Law, entitled "Amount of fine," provides: "If an actual loss or injury has been produced to a party to an action or special proceeding, by reason of the misconduct proved against the offender, and the case is not one where it is specially prescribed by law, that an action may be maintained to recover damages for the loss or injury, a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender, and collected, and paid over to the aggrieved party, under the direction of the court. The payment and acceptance of such a fine constitute a bar to an action by the aggrieved party, to recover damages for the loss or injury. Where it is not shown that such an actual loss or injury has been produced, a fine must be imposed, not exceeding the amount of the complainant's costs and expenses, and two hundred and fifty dollars in addition thereto, and must be collected and paid, in like manner. A corporation may be fined as prescribed in this section."

Section 774 of the Judiciary Law, entitled "Length of imprisonment," provides: "Where the misconduct proved consists of an omission to perform an act or duty, which it is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it, and paid the fine imposed. In such a case, the order, and the warrant of commitment, if one is issued, must specify the act or duty to be performed, and the sum to be paid. In every other case, where special provision is not otherwise made by law, the offender may be imprisoned for a reasonable time, not exceeding six months, and until the fine, if any, is paid; and the order, and the warrant of commitment, if any, must specify the amount of the fine, and the duration of the imprisonment."

These two sections, 773 and 774, provide distinct and different methods of dealing with different situations. The former, while it contains a provision for a fine where no actual loss or injury has been produced, which must be read in connection with section 774, deals with the levying of a fine for indemnity against actual loss or injury produced by the

misconduct. It looks more to indemnification than to punishment. Section 774 deals with punishment and the vindication of the authority of the court, quite independent of indemnifying the injured party against loss. The distinction between the levying of a fine for indemnity and imposing punishment for disobedience of a mandate of the court has long been recognized. (*Fall Brook Coal Company* v. *Hecksher*, 42 Hun, 534.) The plain implication of section 774 is that when imprisonment is imposed as punishment it must be reasonable and in no case to exceed six months. It is also apparent from both sections that the maximum fine that may be imposed as *punishment* is $250. In certain circumstances, however, the party proceeded against may by his own act bring about a longer imprisonment than six months. Where the misconduct consists of an omission to perform an act or duty, which it is yet in the power of the offender to perform, he may be imprisoned until he has performed. This is for the vindication of the authority of the court and to compel obedience to its mandate. Where, for example, a fiduciary refuses to pay over money as decreed by the court, he may be committed until he has performed. And in such case inability to pay is no excuse. This is necessarily so, for otherwise, any decree of the court could be avoided by submitting to six months' imprisonment. A wholly different situation, however, is presented where the court decides, in lieu of imposing a fine or imprisonment, or both, as punishment, simply to require the delinquent to *indemnify the injured party* for the actual loss sustained as a result of the misconduct. It is evident that we are not dealing with a case under section 774, for the order does not purport to deal with an omission to perform an act or duty which it is yet in the power of the offender to perform; nor does it provide for her imprisonment only until she has performed such act. It simply levies an indemnity for the use and benefit of the plaintiff under the express provisions of section 773. The question arising then is, whether in such case the judgment debtor can be incarcerated until the fine so levied is paid, which imprisonment may conceivably be for years, or even for life, unless some judge, acting under section 775, decides in his *discretion* to release the debtor, or whether,

on the other hand, it is not the duty of the sheriff to release the debtor at the expiration of six months' imprisonment. That the former can be the case seems abhorrent in a State where imprisonment for debt has been abolished. It runs directly counter to the spirit of section 774 which limits imprisonment, as a punishment, to six months. It is still more absurd when compared with the provision of the statute making a *criminal* contempt punishable by sixty days' imprisonment as a maximum. That there is no justification for any such unreasonable result appears from a careful examination of section 773 of the Judiciary Law, dealing with the levying of indemnity in such a case. I have already mentioned the fact that there was no commitment issued in this case. That is readily accounted for by the fact that section 773 does not contemplate a commitment. It simply authorizes the imposition of the fine, which, it provides, shall be " *collected,* and paid over to the aggrieved party, under the direction of the court." What, then, is the orderly and proper method for *collecting* a fine levied for indemnity and procuring it to be paid over to the aggrieved party " under the direction of the court? " Obviously by the issuing of an execution or mandate against the person. There is no occasion for first issuing an execution against the property of the judgment debtor where, as in this case, the foundation of the whole proceeding is a judgment, to collect which an execution against the property has been returned unsatisfied. The provision in section 1488 of the Code of Civil Procedure against issuing an execution against the person of a woman does not apply to a mandate of the court for the collection of a fine, but to execution issued to collect a judgment recovered in an action. While it may be better practice to issue a separate and formal execution or mandate against the person to collect the fine, it is not strictly necessary, where, as here, the order itself contains a mandate against the person, directed to the sheriff requiring him to collect the fine, for there is no essential difference between an execution against the person and a mandate against the person except that the latter is the express direction of the court. Section 1372 of the Code of Civil Procedure provides: " An execution against the person must substantially require the sheriff, to arrest the judgment

debtor, and commit him to the jail of the county, until he pays the judgment, or is discharged according to law." That is the requirement of the mandate against the person in the instant case. Section 111 of the Code of Civil Procedure provides that " No person shall be imprisoned within the prison walls of any jail for a longer period than three months under an execution or any other mandate against the person." It is true that the concluding sentence in this section reads: " Except in a case hereinbefore specified nothing in this section shall effect [affect] a commitment for contempt of court." But, as above pointed out, there was here no commitment for contempt of court and the court did not act under section 774 of the Judiciary Law and impose imprisonment as punishment for a contempt of court (which, however, as such could not have exceeded six months), but, instead, proceeded under section 773 to impose a fine to indemnify the plaintiff against actual loss sustained by the judgment debtor's misconduct, and issued a mandate to the sheriff against the person of the judgment debtor for the *collection* of the fine and its payment to the plaintiff. The sheriff properly construed the order as a mandate against the person, akin to an ordinary execution against the person, and released the judgment debtor, as it was his duty to do, at the expiration of six months' imprisonment.

Our attention has been called to the case of *Hommel* v. *Buttling* (46 App. Div. 206), decided by a divided court in the Second Department in 1899, where the point up for decision was whether the commitment was illegal on its face. The reporter's head note goes far beyond anything that was actually decided in that case, and, in view of the wording of the opinion, the net result of the reporter's head note and the opinion has been to introduce some confusion, for it has been assumed that the head note correctly states the law. (Fiero Spec. Proc. [3d ed.] 764; 15 Abb. Dig. 500; 4 Birdseye, C. & G. Consol. Laws [2d ed.], 4411, note to Judiciary Law, § 774.) At any rate, the decision does not necessarily conflict with our decision in this case, for the points up for decision are not the same. Furthermore, the fine in the *Hommel* case was less than $250, and it does not appear from the opinions in the case that the violation of the order, which constituted

762   M. & D. Motor Underwriters, Inc., *v*. F. B. Assn., Inc.

First Department, March, 1919.          [Vol. 186.

the contempt, subjected the plaintiffs to any actual loss. If, however, the case be deemed to be an authority for the indefinite imprisonment of a judgment debtor, upon whom a fine exceeding $250 has been imposed as indemnity for the actual loss sustained by the plaintiff, we should feel constrained to dissent from it.

The order should be affirmed, with costs.

Clarke, P. J., Dowling and Smith, JJ., concurred; Page, J., concurred in result.

Order affirmed, with costs.