LEO DITOMASSO, Individually, etc., Respondent, *v.* VITO LOVERRO and Others, Defendants, Impleaded with SAMUEL RUBEL and RUBEL CORPORATION, Appellants.

Second Department, July 12, 1934.

*Stephen Callaghan* [*Ralph Stout* with him on the brief], for the appellants.

*Herman Mendes* [*George Lessall* and *Jacob Krisel* with him on the the brief], for the respondent.

HAGARTY, J.   This action was brought by the plaintiff as a stockholder, director and voting trustee under a voting trust agreement affecting the stock of the Paramount Ice Corporation, on behalf of himself and others similarly situated, and on behalf of the corporation, to restrain certain claimed illegal acts of waste on the part of the defendants.   After the joinder of issue, plaintiff served notice that he would examine defendant Rubel Corporation, by its president, Samuel Rubel, with respect to matters specifically set forth in the notice of examination, and served a subpœna to testify directed to the corporation, by Samuel Rubel, president. On defendants' motion, the Supreme Court, at a Special Term thereof, modified the notice by striking out some of the items therein contained.   This court, on appeal by the plaintiff, reversed the order in so far as it involved the items struck from the notice and ordered that the examination proceed on five days' notice. (240 App. Div. 1001).

The·proof is that the defendants applied for and succeeded in obtaining several adjournments of the examination pursuant to the notice, up to and including the 19th day of April, 1934.   One adjournment, during the period, was had on behalf of the plaintiff, due to a death in the family of one of plaintiff's counsel.   In any event a stipulation was entered into on the day last mentioned, as follows:

" It is hereby stipulated and agreed by and between the attorney for the plaintiff and the attorney for the defendant, Rubel Corporation, that the examination of the defendant, Rubel Corporation, by Samuel Rubel, as president, now set for April 19th, 1934, at 2 P. M., be and hereby is adjourned to April 24th, 1934, at 2 P. M., at the Supreme Court, Kings County, Special Term, Part II.

" It is further stated and conceded between the said attorneys that the adjournment to April 19th, 1934, was had at the request of the attorney for the aforesaid defendant, after a number of previous adjournments, upon the express agreement that the examination would proceed on that day without further requests for adjournments and that notwithstanding such agreement, the attorney for the said defendant has now asked for the adjournment to April 24th, 1934.   This adjournment is consented to by the attorney for the plaintiff upon the unequivocal agreement that the

said defendant is to require no further adjournment and that the said examination is to proceed peremptorily as against the said defendant on April 24th, 1934, at 2 p. m., as above provided."

On the 24th of April, 1934, the adjournment date fixed by the parties in the stipulation for the examination, Samuel Rubel did not appear, but, as stated in his affidavit filed in opposition to the motion, he " had an engagement in the afternoon of that day, which was of paramount importance to himself and that the plaintiff could not be inconvenienced by so short a postponement," and that he requested that the examination be held at a later hour on the same day. His default was noted at two-forty p. m., and he states that he appeared sometime after three p. m., but counsel for the plaintiff refused to proceed with the examination.

We find no reason for disturbing the finding of the learned Special Term that the conduct of the defendant was contumacious, that " The papers show a most flagrant disregard for the lawful mandates of this court," as expressed in the opinion. The further questions presented are whether the court had jurisdiction of the parties and granted appropriate relief.

The proceeding was instituted by order to show cause, the sufficiency of which is brought into question, which provides: " Ordered that the defendant Rubel Corporation, by Samuel Rubel, its president, show cause * * * why an order should not be made herein adjudging the defendant Rubel Corporation guilty of a contempt of this Court and fining the said defendant for such contempt, and striking out the answer interposed herein by the said defendant, by reason of such contempt, and granting to the plaintiff such other and further relief as may be proper." The order to show cause was based on an affidavit made by one of the attorneys for the plaintiff, setting forth the facts in detail constituting the contempt, the subpœna to testify directed to Rubel Corporation by Samuel Rubel, president, the notice of examination before trial and the further notice of examination after the disposition of the appeal involving the original notice, and the order of this court, bearing date the 29th day of December, 1933, directing that the examination proceed on five days' notice. Samuel Rubel, by affidavit, appeared in the proceeding alleging that he was one of the defendants and the president of defendant Rubel Corporation. He made no claim in his affidavit that the order was insufficient as to him, nor could any such claim consistently be made on the facts. The acts of omission, constituting the contempt, were the acts of Rubel, since it was through him that the corporation was to be examined. The tenor of his affidavit was excusatory of his conduct on the day set for the examination.

The resulting order holding the defendants in contempt, following the essential recitals, provides:

" Ordered, adjudged and decreed that the defendant Rubel Corporation, by Samuel Rubel, its president, is guilty of an act of misconduct and contempt of this court, by reason of the failure and refusal of the defendant Rubel Corporation, by Samuel Rubel, its president, to appear for examination before trial herein, on April 24th, 1934, at 2 P. M., at the Supreme Court, Kings County, Special Term, Part II thereof, and it is further

" Ordered, adjudged and decreed that the said misconduct and refusal and failure on the part of the defendant Rubel Corporation, by Samuel Rubel, its president, to appear for such examination, was calculated to and did actually impede, impair, defeat and prejudice the rights and remedies of the plaintiff herein, to his damage, and it is further

" Ordered, adjudged and decreed that for such misconduct and for such contempt of this Court, the defendant be and it hereby is fined in the sum of $250.00, to be paid to the attorney for the plaintiff, and that in addition thereto, Samuel Rubel, as president of the defendant Rubel Corporation, be committed to the County Jail for a period of ten days, and it is further

" Ordered, adjudged and decreed that upon a certified copy of this order and the payment of the Sheriff's legal fees and without further process and notice, the said Samuel Rubel be committed by the Sheriff of any County of this State, wherein he may be found and to whom a certified copy of this order shall be delivered, to the Common Jail of the said County, there to be kept and detained in close custody for a period of ten days and until the defendant Rubel Corporation shall also pay the sum of $250.00, together with the Sheriff's legal fees, or until he is discharged, according to law."

The power of the court to punish for a contempt is to be found in the Judiciary Law. Sections 750, 751 and 752 of that law deal exclusively with criminal contempt. Section 750 provides that a court has power to punish for a criminal contempt a person guilty of the acts therein enumerated, and section 751 provides for punishment by a fine not exceeding $250 or by imprisonment not exceeding thirty days. Section 753 provides for contempt punishable civilly " by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced, in either of the following cases: * * * for disobedience to a lawful mandate of the court, or of a judge thereof." It is the latter provision of the law which is effective here, since it is the

claim of both parties that the contempt here involved was in the nature of a civil contempt.

The power to imprison for a civil contempt is to be found in the provisions of section 774, which reads:

" § 774. Length of imprisonment. Where the misconduct proved consists of an omission to perform an act or duty, which is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it, and paid the fine imposed. In such case, the order, and the warrant of commitment, if one is issued, must specify the act or duty to be performed, and the sum to be paid. In every other case, where special provision is not otherwise made by law, the offender may be imprisoned for a reasonable time, not exceeding six months, and until the fine, if any, is paid; and the order, and the warrant of commitment, if any, must specify the amount of the fine, and the duration of the imprisonment."

Section 774 thus provides for two classes of cases involving civil contempt: (1) Consisting of an act or duty which it is yet in the power of the offender to perform, where he shall be imprisoned until he has performed it, and (2) all other cases involving civil contempt, but which no longer involve an act to be performed. The effect of the section is to limit the power of the court to inflict imprisonment as punishment for contempt in one case to such time only as defendant may perform an act still within his power, and in the other to a term not exceeding a limited period. (*Hommel* v. *Buttling*, 46 App. Div. 206; *King* v. *Barnes*, 113 N. Y. 476; *People ex rel. Peirce* v. *Brice*, 62 App. Div. 593.)

The act constituting the contempt found in the order under review, *i. e.*, the failure of the defendant Rubel Corporation, by Samuel Rubel, its president, to attend and be examined before trial, read in the light of section 774, is misconduct which consists of an omission to perform a duty which is yet in the power of the offender to perform. Therefore, notwithstanding the element of willfulness, which I assume is necessarily involved in every contempt case, since one whose offense amounted to no more than an inadvertence or an honest mistake would not be held guilty of contempt, the order must be modified by eliminating therefrom the provision for a fixed period of confinement and substituting therefor " until he shall submit to the examination by the plaintiff pursuant to the order of this court heretofore made and until the fine shall have been paid," except that if he shall perform the act required by submitting to the examination, but default in the payment of the fine, he shall not be imprisoned for default in the payment of the fine imposed for a period of more than three months. (Judiciary Law, § 774.)

The order is modified in accordance with this opinion, and as so modified affirmed, without costs. The appeal from the order denying reargument is dismissed.

KAPPER, CARSWELL and TOMPKINS, JJ., concur; LAZANSKY, P. J., concurs as to the dismissal of the appeal from the order denying motion for reargument, but votes for reversal and denial of the motion to punish for contempt on the ground that the motion was to punish the defendant corporation for contempt, pursuant to which there was no authority to punish Rubel individually.

Order modified in accordance with opinion and as so modified affirmed, without costs. The appeal from the order denying motion for reargument is dismissed. Settle order on notice.