Abthub D. Brehhah, J.
On this motion, the individual respondents seek: (1) to resettle the order entered herein on May 20, 1958 by deleting therefrom paragraphs 20 and 21 and directing the release of said respondents from their incarceration in the County Jail of Westchester County; or (2) directing said respondents’ release pursuant to section 775 of the Judiciary Law.
With respect to the first item of relief prayed for this court is of the opinion that the application has not been timely made, for the rule is clear that an application to resettle an order of the subject character cannot be made after the time to appeal therefrom has expired. But even if said application for a resettlement had been timely made, it is this court’s view that the same would and should be denied, for the order, as entered (which was settled on notice and without opposition to the form and contents thereof) correctly and properly expressed and stated this court’s intentions with respect to the original motion. The respondents were clearly held in contempt for a willful failure and omission to perform acts which were then in their power to perform and which acts they had been directed to perform by the order of the Appellate Division of the Second Department. As the subject order indicates, it was the court’s intention, pursuant to sections 753 and 774 of the Judiciary Law, not only to impose a fine but also to order that the respondents be imprisoned until they had performed the aforesaid acts. It is clear that in the circumstances here present, both a fine and imprisonment may be imposed. (Cf. Ditomasso v. Loverro, 242 App. Div. 190.) An order cannot be qualified in its operation and effect by reference to the opinion of the court; the court speaks by its order, and effect must be given to it according to its terms. (Hewlett v. Wood, 67 N. Y. 394, 399.)
With respect to the alternative relief prayed for, the respondents have failed to satisfy this court that they are unable to perform the acts required to be performed by them pursuant to paragraphs 20 and 21 of the aforesaid order. While this court is sympathetic with the respondents’ plight, the fact remains that they have failed to exhibit the slightest good faith with respect to the obedience of an order of the court. If such good faith were demonstrated, this court would not hesitate to aid them.
Accordingly, the motion is in all respects denied.
Settle order on notice.