In the Matter of SENTRY ARMORED COURIER CORPORATION, Respondent, v NEW YORK CITY OFF-TRACK BETTING CORPORATION et al., Appellants.

First Department, July 3, 1980

## APPEARANCES OF COUNSEL

*Francis F. Caputo* of counsel *(Leonard Koerner* with him on the brief; *Allen G. Schwartz, Corporation Counsel,* attorney), for New York City Off-Track Betting Corporation, appellant.

*Michael J. Gaynor* of counsel *(Fulton, Duncombe & Rowe,* attorneys), for Cashflo Corporation, appellant.

*Gabriel Kaszovitz* and *Murray L. Skala* of counsel *(Aaron R. Cahn* and *Toby M. Schaffer* with them on the brief; *Feder, Kaszovitz, Weber & Skala,* attorneys), for respondent.

## OPINION OF THE COURT

FEIN, J.

The facts are adequately stated in the concurring opinion of Justice Ross.

We are all agreed that the application to hold appellants in contempt should have been denied. The majority do not believe it is necessary on this record to determine whether New York City Off-Track Betting Corporation (OTB) is a State agency entitled to the statutory stay authorized by CPLR 5519 (subd [a], par 1). It is enough to preclude a finding of contempt that the issue as to whether such stay applied was sharply disputed on a good faith basis. No contempt, civil or criminal, can be found upon such a record. Trial Term failed to label the contempt criminal or civil. If the contempt be deemed criminal, there was no proof or finding that OTB willfully disobeyed the mandate of the court (Judiciary Law, § 750, subd A, par 1), in relying on the well-founded advice of the Corporation Counsel in good faith, believing it was a beneficiary of the statutory stay. In the absence of a specification that the contempt was criminal and without a finding of willful disobedience, the alleged contempt must be considered to have been civil in nature *(People ex rel. Stearns v Marr,* 181 NY 463, 471). Given the clear doubt as to the applicability of the stay statute, there was no basis for a finding of civil contempt (Judiciary Law, § 753). One whose offense amounts to no more than an "honest mistake" is not to be held guilty of a civil contempt *(Ditomasso v Loverro,* 242 App Div 190, 194).

Accordingly, the order, Supreme Court, New York County (SHORTER, J.), entered April 7, 1980, which held appellants OTB and Cashflo Corporation (Cashflo) in contempt for failure to comply with the judgment of February 22, 1980, which declared a contract awarded to Cashflo by OTB to be void as of March 22, 1980, and which fined each the sum of $250 per day commencing March 24, 1980, should be unanimously reversed, on the law and the facts, without costs and without disbursements, and the application to hold appellants in contempt denied.

Ross, J. (concurring). Appellant Cashflo entered into a two-year contract with OTB in February, 1979, to pick up money from OTB's branch offices. These receipts were to be delivered to a designated bank early the next business day. Petitioner, the second lowest bidder, commenced an article 78 proceeding

challenging the award of the contract. Trial Term declared the contract void and remanded the matter to OTB "for selection of a new bidder in keeping with statutory procedure."

Appellants timely filed notices of appeal from the judgment voiding the contract.* Thereafter, petitioner moved to hold appellants in contempt, arguing that appellants had flouted the court's order of February 22, 1980, and had taken no action to select a new bidder. Petitioner also maintains that appellant OTB is not a political subdivision of the State and, therefore, the automatic statutory stay provision of CPLR 5519 (subd [a], par 1) is not available. We disagree. The status of appellant OTB is adequately delineated in the enabling legislation which recites that the corporation "will perform a governmental function." "It is hereby * * * declared [t]hat the operation of an off-track pari-mutuel betting system by a public benefit corporation in New York city * * * is deemed to be a matter of state concern and a public purpose which cannot be adequately attained except by the powers of government, and that such public benefit corporation * * * will perform a governmental function" (New York City Off-Track Betting Corporation Law, § 71, subd 3, L 1970, ch 144, § 1.)

As evidence of this governmental function, certain contract provisions demonstrate that OTB was fully cognizant of its role as a political subdivision of the State. For example, OTB was required to award this contract through public bidding procedures and "in the manner provided by law with respect to letting of such contracts by the city" (New York City Off-Track Betting Corporation Law, § 79); the contract was to be awarded "to the lowest responsible bidder furnishing the required security" (General Municipal Law, § 103, subd 1).

The Court of Appeals in considering a constitutional challenge to the establishment of the Off-Track Pari-Mutuel Betting Commission, which was authorized to provide for a system of off-track betting, declared that the functions performed by OTB are those of a State agency and directly beneficial to the State.

"[T]he part of the net revenues which go to the participating municipalities is so closely tied into the interrelated financial dependence of the local governments on the State, that fiscal assistance through a State agency to the political

---

* This appeal has been withdrawn on consent of all parties.

subdivisions of the State must be regarded as revenue for the support of the State government" *(Sullivan County Harness Racing Assn. v New York State Off-Track Betting Comm.,* 30 NY2d 208, 217).

Additional indicia of OTB's governmental status are enumerated throughout the applicable statute. For example, the chief fiscal officer is the Comptroller of the City of New York (New York City Off-Track Betting Corporation Law, § 73, subd 11); rules and regulations promulgated by OTB have the force and effect of law and violations thereof may be punishable in Criminal Court (§ 74, subd 12, pars [a] and [c]); certain contracts are subject to competitive bidding requirements (§ 79); moneys collected are tax exempt (§ 87); and OTB has the power of condemnation (§ 74, subd 4). Clearly, the existence of the corporation benefits the public and carries out a matter of State concern.

It, therefore, follows that the actions of appellant Cashflo cannot be deemed contemptuous since its course of conduct was dependent, and not severable, from that of OTB.

BLOOM, J., concurs with FEIN, J.; KUPFERMAN, J. P., concurs in result only; ROSS, J., concurs in an opinion in which MARKEWICH, J., concurs.

Order, Supreme Court, New York County, entered on April 7, 1980, reversed, on the law and the facts, without costs and without disbursements, and the application to hold appellants in contempt denied.